34 275
118 802

John C. Boggus, plaintiff in error, vs. The State of Georgia, defendant in error.

[1.] One may be convicted and punished as principal in the *second* degree, who is incapable of committing the offence in the *first* degree.

[2.] The genuiness of hand-writing is fully established, when a credible witness swears positively to the fact, and another letter, written by the same author, is submitted to the jury,—thus enabling them, by a comparison of the penmanship, to infer the genuineness of the signature.

[3.] A new trial will not be granted on account of the absence of witnesses, when no surprise was pretended by the defendant, and no motion was made to continue the case on account of their absence, and when it is fairly presumable that the State would have admitted what the prisoner expected to prove by said witnesses.

[4.] Neither is it a good ground for a new trial, that the accused has made statements to others consistent with his innocence, when the proof conclusively shows that, subsequently and before the consummation of the crime, the accomplice was fully apprised of his guilt.

Bigamy. In Fulton Superior Court. Tried before Judge Bigamy April Term, 1864.

One Thomas T. Davis was indicted for bigamy, committed by intermarrying with Margaret Windham, a single woman, he being already a married man. In the same indictment, Boggus, the plaintiff in error, was charged with being present, aiding and abetting Davis in the offence ; and, also, as accessory before the fact.

On the trial of Boggus, it appeared in evidence, Davis being one of the witnesses against him, that they were both married at the same time and place,—Davis to Miss Windham, and Boggus to another lady,—both couples standing up together, and the marriage being solemnized by one and the

same ceremony; that, at that time, January, 1864, Davis had a living wife in Alabama; that, on the evening of the marriage, shortly before it took place, and after the license was procured, Davis met Boggus in the hall, put his hand on his shoulder, and told him that he knew his situation, and it was with *him;* that if he would give him his word not to expose or betray him he would go ahead; that, Boggus, putting his hand in that of Davis, replied that he would not expose him, and told him to go ahead; that prior to the marriage, Boggus, for Davis and in his name, wrote a letter to Miss Windham; that, after the marriage, he wrote another letter, at the request of Davis, addressed to Davis himself, and purporting to come from a Dr. Jones, in Alabama, the object of which was to quiet Miss Windham, she having become suspicious; and that this letter was left by Davis in the bed-room occupied by her and himself, where it was, by her, found and read.

Both letters were introduced in evidence, without objection, or any mention of surprise by defendant or his counsel, Miss Windham testifying that Boggus told her he wrote the former; that she believed the latter was in the same handwriting, though she had never noticed Boggus write, and that, upon showing it to him once, he said he had read it for Davis. Davis testified that they were both written by Boggus.

The letter to Miss Windham contained, with other matter more sedate, the following paragraph: "Time has run heavily on my hands since you left this place. There is no one for me to pass my time with; that is, with as much pleasure as in your company. It did appear to me like all my pleasure was gone when you left. I am in hopes that the time may not be far distant when we shall meet again. My thoughts will stray to the many happy moments that we have spent together."

The letter signed "Dr. Jones," stated that one of the children of Davis had lately died, and had been buried beside its mother.

Boggus vs. The State.

The defendant's counsel requested the Court to charge the jury, that no one could be a principal in the second degree in the crime of bigamy.    The Court refused so to charge.

After a verdict of guilty, counsel moved for a new trial on the following grounds :

1. Because the Court refused to charge as requested.

2. Because the letter signed " Dr. Jones " was introduced without sufficient proof of defendant's hand-writing, and he was surprised by its introduction, not knowing that any such would be offered, and had no witness then accessible by whom he could prove his hand-writing; but can show by J. B. Collum, and R. M. Massengale, of Company H, 2d Georgia Regiment, Benning's Brigade, then and still in the Army of the Confederate States, that, from having seen him write, they are both well acquainted with his hand-writing, and that the letter in question was not in his hand.

3. Because he has discovered, since the trial, evidence to prove that Davis, before his acquaintance with Miss Windham, or with defendant, stated to Matilda Cassin and Martha E. Higgins, that he was a widower and had two children.

4. Because the verdict was contrary to law, to evidence, and to the weight of evidence.

The second ground of the motion was supported by the defendant's affidavit to the truth of the facts therein stated. The third ground was supported, as to what Davis represented, and as to his not then being acquainted with Miss Windham, by the affidavits of the two ladies referred to. Respecting this ground the defendant, himself, made no affidavit.

The Court refused a new trial ; and this is complained of as error.


CLARKE and GARTRELL & HILL, for plaintiff in error.


HAMMOND, Solicitor General, for the State.

LUMPKIN, C. J.

[1.] The Court was right in overruling the first ground taken on the motion for a new trial. Suppose the Rev. Mr. Parks, who officiated as clergyman in marrying Davis and Miss Windham, had known that Davis was a married man at the time, would he not have been guilty of the offence of bigamy in the second degree?

And, because Boggus was a single man and, therefore, could not have been convicted of bigamy, as principal, himself, if he had married Miss Windham, yet, why could he not be guilty in the second degree, as present, aiding and abetting Davis?

It may seem strange and startling, but yet unquestionably true, that a *female* may be guilty and punishable for rape in the second degree, being present aiding and abetting.

Lord Audley was convicted of rape upon his own wife, being present aiding and abetting one of his minions to perpetrate this monstrous crime, and for which this devil-crazed nobleman was hung.

It by no means, therefore, follows, that because the accused could not be convicted as principal in the first degree, he may not be in the second.

[2.] As to the letter read on the trial not being in the hand-writing of the defendant, the proof is full and complete. Davis swears that Boggus wrote the letter. He acknowledged to Miss Windham the authorship of the first letter, which was before the jury; and they could compare the one with the other proven to be genuine.

And, as to the absent witnesses, he should have moved to have continued the case until he could procure their testimony, which he failed to do. No doubt the State would readily have admitted the testimony which the prisoner would have proved by them.

[3.] The third objection is a strange one, to-wit: that Davis told to others, by whom Boggus could prove it if allowed

the opportunity, that he was a widower, with two children; and that, at that time, Davis had no acquaintance, either with Boggus or Miss Windham. What of that? Long before the consummation of the marriage, did not Boggus well know that this statement was false? Had not Davis fully confessed to him the facts of the case? And, when his conscience or sense of danger troubled him, was he not urged by Boggus to go ahead?

[4.] It is said that the verdict was contrary to the evidence. We think it fully supported by the proof.

Judgment affirmed.