UNITED STATES (BAULIGUY v.). See Case No. 1,696a.

---

## Case No. 14,547.

### UNITED STATES v. BAYER et al.

[4 Dill. 407;[1] 13 N. B. R. 400; 3 Cent. Law J. 11.]

Circuit Court, D. Minnesota. 1876.

CONSPIRACY—ACTS MADE PENAL BY THE BANKRUPT ACT—REV. ST. §§ 5132, 5440, CONSTRUED.

1. Under the statute (Rev. St. §§ 5132, 5440), other persons than the bankrupt can conspire with the latter to commit the acts made crimi-

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

nal by the 7th and 10th subdivisions of section 5132 of the Revised Statutes.

2. It seems that under the criminal section of the bankrupt act (Rev. St. § 5132), one who procures and abets the person against whom the proceedings in bankruptcy are pending, to commit the acts therein made criminal, may be indicted, though not expressly referred to in the statute.

[Cited in U. S. v. Snyder, 8 Fed. 806; Id., 14 Fed. 556; U. S. v. Stevens, 44 Fed. 141.]

[Cited in People v. McKane, 143 N. Y. 455, 38 N. E. 952.]

The defendants are indicted for a conspiracy to commit offences against the United States in violation of the penal section of the bankrupt act (Rev. St. §§ 5132, 5440). The indictment contains two counts. The first count, based upon section 5132, subd. 10, and section 5440, after alleging the adjudication of bankruptcy of one John Bayer by the district court for the district of Minnesota, June 2, 1875, and after setting forth the facts, showing the jurisdiction of that court in said matter of bankruptcy, proceeds to charge that the said John Bayer, and the defendants Kargleder and Ober, within three months next before the bankruptcy proceedings aforesaid were commenced, to-wit, on June 1st, 1874, in said district, amongst themselves, unlawfully and fraudulently conspired, confederated, and agreed together to commit a certain offence against the United States, to-wit: by the execution and delivery, then and there, by said John Bayer, of a certain instrument in writing, signed by him, wrongfully and unlawfully, and with intent to defraud the creditors of said John Bayer, to mortgage, sell, and dispose of (while they still remained unpaid for, as in the indictment alleged), to said John Kargleder, otherwise than by bona fide transactions in the ordinary way of the trade of said Bayer, certain goods and chattels of said Bayer which had been obtained on credit, etc. It is then alleged that said Bayer and said Kargleder thereupon performed certain specified acts in order to effect the object of said conspiracy. [See Case No. 14,548.] The second count, based upon section 5132, subd. 7, and upon section 5440, after repeating the preliminary averments of the first count, further alleges the appointment of an assignee in bankruptcy of said Bayer's estate, and the proof in bankruptcy by said Kargleder of a false and fictitious debt against said Bayer's estate, and the said Bayer's and Ober's knowledge of the premises; and further charges that the said Bayer, Kargleder, and Ober did then unlawfully conspire and confederate together to commit an offence against the United States, to-wit: did conspire and confederate together, that Bayer, knowing as aforesaid that Kargleder had proved a false and fictitious debt against his estate, should then and there, and continually for more than one month thereafter, fraudulently and unlawfully wholly fail, refuse, and neglect to disclose the same to his said assignee in bankruptcy. It is then aver-

red that, in order to effect the object of said conspiracy, said Kargleder and Ober then and there falsely asserted and claimed, in the presence of said assignee, that said debt, so proven by said Kargleder, was a true, just, and valid claim against Bayer for money loaned to him by Kargleder, and that in further pursuance of the conspiracy, the bankrupt Bayer then and for two weeks thereafter fraudulently failed, neglected, and refused to disclose said fictitious debt to his said assignee in bankruptcy. The defendants, Kargleder and Ober, move to quash the indictment, because no person, except a person respecting whom proceedings in bankruptcy are commenced, can commit the offence; because the defendants cannot conspire to commit an offence which they cannot, in law, commit, and because a nolle prosequi has been entered as to Bayer, the bankrupt.

Morris Lamprey and Reuben E. Benton, for the motion.

W. W. Billson, Dist. Atty., opposed.

DILLON, Circuit Judge. The questions presented are important, and, so far as the court is advised, are new. The leading objection made by the counsel for the defendants, is that no person can be punished under the penal section of the bankrupt act (Rev. St. § 5132), except the "person respecting whom proceedings in bankruptcy are commenced;" that this section does not extend to those who counsel, aid, and assist in the commission of the acts which that section makes criminal, when committed by "the person respecting whom bankruptcy proceedings" are pending, and, as a corollary, it is urged that if a person cannot himself commit a specified offence, he is necessarily incapable of conspiring with another or others to commit it.

This indictment is for conspiracy, and is based upon section 5440 of the Revised Statutes, which provides that "if two or more persons conspire to commit any offence against the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be liable to a penalty," etc. The offence which it is alleged the defendants conspired to commit is made penal by the seventh and tenth subdivisions of section 5132 of the Revised Statutes.

It is not necessary to decide the main proposition relied on by the learned counsel for the defendants, which is that under section 5132 no person, except the one respecting whom proceedings in bankruptcy are commenced, can commit, or be punished for, the acts therein made criminal. Without intending to determine the soundness of this position, I must say that the result of the argument left my mind with a decided impression against it. It is true that the statute only mentions the debtor or bankrupt; but

it is a statutory misdemeanor only that is created, and the general principle of the law is that all procurers and abettors of statutory offences are punishable under the statute, although not expressly referred to in the statute. Bish. St. Crimes, 136; Com. v. Gannett, 1 Allen, 7; U. S. v. Harbison [Case No. 15,300] (Judge Emmons), and cases cited infra. Moreover, it has been several times adjudged, upon full consideration, that it is immaterial that the aider and procurer is himself disqualified to be the principal actor in the offence by reason of not being of a particular age, sex, condition, or class. State v. Sprague, 4 R. I. 257; Boggus v. State, 34 Ga. 275; Rex v. Potts, Russ. & R. 352; 1 Bish. Cr. Law, 627, 629.

But if it be true that none but the bankrupt can be indicted under section 5132, still it is clear that other persons can combine and confederate with him to commit the acts therein made offences against the United States. By section 5440, conspiracies to commit any offence against the United States are made punishable, provided some act is done to effect the object of the conspiracy. The statute is based upon the common law principle that conspiring to commit a crime is of itself criminal, but adds the requirement of an overt act, and the fact that one of the conspirators could not himself commit the intended offence, neither relieves him of guilt nor disables him from co-operating with another person who is able to commit it. The legal as well as moral guilt of all the conspirators is the same. One of the offences which it is alleged the conspiracy was entered into to commit, was that the defendants, knowing that a false and fictitious debt against the estate of the bankrupt had been proved, conspired together that the bankrupt should fail to disclose the same to the assignee; the other was in respect to a fraudulent disposition of the property of the person in bankruptcy to one of the alleged conspirators. Now, it is necessary to both of these offences that another person besides the bankrupt should have been guilty of a violation of law, and if the bankrupt and such other person conspire together to commit the acts made criminal by the bankrupt law, and either does any act in pursuance of such conspiracy to effect its object, why should they not be punishable, although the relation of the parties to the criminal act is such that only one of them can commit the act itself? Bish. Cr. Law, § 432. The conspiracy and the consummated act are different offences, in the sense, at least, that the fact that the offence has been completed is no legal bar to a prosecution for the conspiracy. United States v. Boyden [Case No. 14,632], and cases cited; Reg. v. Boulton, 12 Cox, Cr. Cas. 87; Reg. v. Rowlands, 5 Cox, Cr. Cas. 485, 487; U. S. v. Rindskopf [Case No. 16,165].

The motion to quash the indictment is denied. Motion overruled.