## UNITED STATES v. SNYDER and another.

*(Circuit Court, D. Minnesota.   February, 1882. )*

1. CRIMINAL LAW—FRAUDULENT RETURNS OF POSTMASTER.
    Any postmaster who shall make a false return to the auditor for the purpose of fraudulently increasing his compensation shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished under the provisions of chapter 259, vol. 20, St. at Large, (2 Supp. Rev. St. 358.)

2. SAME—AIDERS AND ABETTORS—AS PRINCIPALS.
    The statute above cited is not limited in its operation to the conviction and punishment of the postmaster guilty of the offense alone, but may be extended to all persons aiding, abetting, and assisting in the commission of the crime, who are alike guilty of a misdemeanor under the statute, and may be indicted and convicted thereunder as principals.

3. SAME—PUNISHMENT OF AIDERS AND PROCURERS.
    All aiders, procurers, or abettors in statutory offenses are punishable as principals, under the statute, although not expressly referred to in the statute, and that a defendant, though incompetent to commit the offense, as principal, by reason of not being of the particular age, particular sex, condition, or class, may nevertheless be punished as procurer or abettor.

4. INTENT OR MOTIVE—EVIDENCE OF OTHER SIMILAR ACTS.
    Where the question is one of a fraudulent intent, it is allowable, as well in criminal as in civil cases, "to introduce evidence of other acts and doings of the party of a kindred character, in order to illustrate or establish the intent or motive in the particular act directly in judgment."

5. SAME—TRANSCRIPT OF AUDITOR OF DEPARTMENT.

It was *held* proper to admit in evidence the transcript of the report described in the indictment, duly certified by one of the auditors of the treasury for the post-office department.

6. EXCEPTION—ERROR.

Exception having been taken, on previous trial of this case, to the statement by the district attorney, in his argument before the jury, to the effect that the failure of the defendant to testify in his own behalf should raise presumption against him, *held*, that it appearing on the records of such previous trial that the judge in his charge had corrected the remark, and stated to the jury that such language by the district attorney was wrong, cured whatever error there was in such statement.

The defendants are indicted under chapter 259, vol. 20, St. at Large, (Supp. to Rev. St. vol. 1, p. 358,) which provides that "any postmaster who shall make a false return to the auditor for the purpose of fraudulently increasing his compensation under the provision of this or any other act, shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be fined in a sum not less than fifty nor more than five hundred dollars, or imprisonment for a term not exceeding one year, or punishment by both such fine and imprisonment, in the discretion of the court." The defendant Snyder was postmaster at Germania, Minnesota. The defendants are jointly charged in the indictment with having willfully, etc., made a false return to the auditor of the treasury of the United States for the post-office department, for the purpose of fraudulently increasing the compensation of the said Mait. Snyder, as such postmaster, under the provisions of an act of congress mentioned in the indictment. There was a trial in the district court, which resulted in a verdict of guilty against Bertram, who moved for a new trial, and in arrest of judgment, upon grounds which are stated in the opinion. The case having been certified into this court by the district judge, has been here argued.

*C. A. Congdon*, Asst. U. S. Atty., for the Government.

*O'Brien & Wilson*, for defendant.

McCRARY, C. J. 1. The first and most important question presented by this record is whether defendant, Bertram, not being a postmaster, can be indicted and punished under the above-mentioned act of congress. That act, by its terms, applies only to postmasters, and the question is whether any other person can be found guilty of a misdemeanor under it. The record in this case shows that the defendant Bertram was guilty of aiding, abetting, and assisting Snyder in the commission of the crime. He in fact prepared with his own hand the false reports, and, knowing them to be false,

advised and induced Snyder to sign them. Upon careful consideration, we have reached the conclusion that this was an offense against the statute, notwithstanding the fact that only postmasters are named therein. The offense is a statutory misdemeanor; and it is well settled that all who aid, abet, procure, or advise the commission of a misdemeanor are guilty as principals. 1 Russ. Crimes, (9th Ed.) 60, note 1. And this is the rule whether the misdemeanor is created by statute or by the common law. *U. S.* v. *Mills*, 7 Pet. 138.

When congress creates a statutory misdemeanor we must assume that it is done with the above well-settled rules of law in view, and if so, with the intent that aiders and abettors, as well as the actual doers of the crime, may be punished under it. The rule that all procurers and abettors of statutory offenses are punishable under the statutes, although not expressly referred to in the statute, is supported by authority. Bish. St. Crimes, 36; *Com.* v. *Garnet*, 1 Allyn, 7; *U. S.* v. *Harbison*, 1 Int. Rev. Rec. 118; *U. S.* v. *Bayer*, 4 Dill. 407.

Although the defendant, Bertram, not being postmaster was incapable of being the principal actor in the commission of the crime, he may nevertheless be held to be an aider, procurer, and abettor, and therefore, in law, a principal. It has been adjudged repeatedly that the fact that a defendant was incompetent to commit the offense as principal by reason of not being of a particular age, sex, condition, or class, he may, nevertheless, be punished as procurer or abettor. *State* v. *Sprague*, 4 R. I. 257; *Boggus* v. *State*, 34 Ga. 275; *Rex* v. *Potts*, Russ. & R. Cr. Cas. 352; Bish. Crim. Law, 627–629; *U. S.* v. *Bayer*, *supra*. This doctrine is also supported by reason, for if it' were not sound there could be no punishment of the crime of procuring a postmaster to defraud the United States by making false returns, even although the procurer might share in the proceeds of the fraud, and be actuated by the worst of motives.

2. The offense charged was the making of false returns for the quarter ending December 31, 1880. The prosecutor was allowed, against the objection of defendant, to introduce in evidence, not only the false returns for that quarter, but other similar returns for other periods before and after the time covered by the indictment, all being in the handwriting of the defendant, Bertram. There was no error in this ruling. Where the question is one of fraudulent intent, it is allowable, as well in criminal as in civil cases, "to introduce evidence of other acts and doings of the party of a kindred character, in order

to illustrate or establish his intent or motive in the particular act directly in judgment." *Wood* v. *U. S.* 16 Pet. 342.

3. It is insisted that defendant has been unlawfully convicted upon the uncorroborated testimony of an accomplice. It is true that the principal witness against defendant, Bertram, was his co-defendant and accomplice, Snyder, but it is not true that Snyder's testimony is uncorroborated. It is strongly supported by the testimony of Harris and Scanlon, who testify to facts tending to prove that the reports in question must have been false; by the letters from Bertram to Snyder, which are in evidence, and which show pretty clearly a knowledge of the crime and a desire to suppress the truth; and by the fact that the reports were all in Bertram's handwriting.

4. Exception is taken to the remarks of the district attorney, in his argument before the jury, to the effect that the failure of Bertram to testify in his own behalf should raise a presumption against him. This was improper, and if the court had failed to correct it on trial it might have been error. But the record shows that the court at once instructed the jury, and repeated it in the final charge, that such language by the district attorney was wrong, and that no presumption should be taken against the defendant because he did not testify in his own behalf. This cured whatever error there was in the remarks of the district attorney. If this were not so, it would be within the power of counsel, by such remarks, to invalidate the proceedings in any criminal case. *Ruloff* v. *People*, 45 N. Y. 213.

5. The transcript of the quarterly report described in the indictment, duly certified by the sixth auditor of the treasury for the post-office department, was properly admitted in evidence. Rev. St. § 889.

The motion in arrest of judgment must be overruled.

NELSON, D. J., concurs.