## BISHOP *v.* THE STATE.

1. Every statutory felony, when incorporated in the body of the criminal law, becomes subject to existing regulations as to accessories, indictment, evidence, and procedure.
2. While certain crimes can only be committed by a particular class of the community, others not of the class may be principals in the second degree, or accessories thereto, since one may assist in a crime which he can not commit.
3. Although under the Penal Code, § 188, only officers or employees of a corporation can be principals in the first degree to the crime of embezzlement, others disconnected with the company may be guilty as principals in the second degree, or as accessories before or after the fact.
4. While the common-law offense of conspiracy has not been incorporated in the Penal Code, conspiring with another to commit an offense may be an element in the guilt of one charged as accessory before the fact.
5. Principals in the first and second degree and accessories before and after the fact may all be joined in the same count.

Argued October 20,—Decided October 30, 1903.

Indictment for embezzlement.    Before Judge Roan.    Fulton superior court.    June 23, 1903.

The indictment charged Mathews and Bishop with the offense of embezzlement, for that they "did embezzle, steal, secrete, and

fraudulently take and carry away, with intent to steal the same, the sum of ten thousand dollars, being the money and property of the Piedmont Loan and Banking Company, a corporate body in this State, and a corporation duly incorporated under the laws of this State, the said embezzlement . . being committed in pursuance of and in the execution of an unlawful conspiracy, combination, and agreement entered into by and between said . . Mathews, and said . . Bishop; said conspiracy being as follows, to wit: The said . . Mathews, being then and there the president of the said . . company, and as such president having custody, possession, and control of the money and property of said bank, did unlawfully conspire, confederate, and agree with the said . . Bishop that he, the said . . Bishop would aid and abet him, the said . . Mathews, president as aforesaid, in carrying out embezzling, stealing, securing, and fraudulently taking and carrying away the money of the said bank entrusted to him as president, in this: that the said . . Mathews, president, having custody and possession of said money, would embezzle, steal, secrete, fraudulently take and carry away said sum of ten thousand dollars, agreeing then and there that he would divide the said sum with the said . . Bishop, provided he, the said . . Bishop would enable him, the said . . Mathews as president to cover up and conceal said embezzlement by him, the said . . Bishop, procuring from divers and sundry parties various and sundry notes in different amounts, purporting to be loans by said bank to the makers of said notes, so that the said embezzlement of said amount would appear on the books of said bank and among the assets of said bank as notes due said bank for loans, when in truth and in fact the said notes were not discounted by said bank and did not represent loans made by said bank, but were taken and procured in pursuance of the said unlawful conspiracy by the said . . Bishop and turned over to the said . . Mathews as president of said bank ; the said notes being made with the understanding and agreement between the said . . Mathews and the said . . Bishop and the makers of said notes that the said notes were entirely worthless and were not expected to be paid by the makers thereof, the said various notes amounting in the aggregate to the sum of ten thousand dollars, and being the amount of money so embezzled, stolen, secreted, and fraudulently taken and carried away from said bank by said

. . . Mathews as president, in pursuance of the aforesaid conspiracy so entered into by and between said . . Mathews, president of said bank, and the said . . Bishop, and the said notes being then and there procured by the said . . Bishop in consideration of his unlawful participation in said conspiracy, he, the said . . Bishop, sharing in said money and by his unlawful conspiracy and agreement and procurement of said notes aiding, abetting, and enabling the said Mathews, president as aforesaid, to embezzle, steal, secrete, fraudulently take and carry away the said sum of ten thousand dollars of the value of ten thousand dollars and the property of said bank; the notes and the amounts of the notes and the makers of the same procured by said . . Bishop in pursuance of said unlawful combination, conspiracy, and agreement with the said . . Mathews being as follows: [describing them]. Wherefore the grand jurors charge that by means of and as the result of the foregoing conspiracy the said . . Mathews, president of said bank, and the said . . Bishop did embezzle, steal, secrete, fraudulently take and carry away the said sum of $10,000.00 on the day and in the manner aforesaid, contrary to the laws of said State," etc. Bishop demurred to the indictment, on grounds indicated in the following opinion. The demurrer was overruled, and he excepted.

*Westmoreland Brothers, Arnold & Arnold, J. D. Kilpatrick, J. A. Anderson, Mayson & Hill,* and *F. M. O'Bryan,* for plaintiff in error. *C. D. Hill, solicitor-general,* contra.

LAMAR, J. The only point argued in the brief is that one can not be accessory where he could not have been the principal; that the offense defined in the Penal Code, § 188, can only be committed by officers or employees of a corporation; and as Bishop was not connected with the bank, it was legally impossible for him to be guilty of embezzlement, or of conspiring, aiding, and abetting Mathews, the president, in secreting, taking and carrying away the property alleged to have been misappropriated.

There are many offenses which can only be committed by particular classes of the community; bigamy by married persons; rape, seduction, and bastardy by males; larceny after trust by bailees; embezzlement by officers; and many others set out in the Penal Code. But because one can not be a principal it by no means

follows that he can not be punished as an abettor. One can assist in that which he can not do. Penal Code, §§ 42, 44, 45. Upon the adoption of a statute defining a new felony, it becomes incorporated in the body of the criminal law, and draws to itself all the general rules applicable to indictment, evidence, and procedure incident to other crimes òf the same grade; and without being mentioned in the act, the regulations applicable to accessories instantly attach. Penal Code, § 31. Thus, an unmarried man can be convicted as principal in the second degree of bigamy; a woman may be punished for aiding one attempting rape; and those not named may be convicted as accessories in the statutory offense of "Mother concealing death of illegitimate child," or "Postmaster making false return." *Boggus* v. *State*, 34 *Ga.* 275; Lord Audley's case, 1 State Trials; Jones v. State, 83 N. C. 603, 35 Am. Rep. 586; U. S. v. Snider, 14 Fed. Rep. 554; U. S. v. Bayer, 4 Dill. C. C. 407; State v. Sprague, 4 R. I. 257. In Rex v. Potts, 1 Russell & Ryan, * 353, in a prosecution under a statute making it a felony to impersonate one entitled to receive a pension, a woman was indicted for assisting a man in the commission of this offense. As the statute made no provision against abettors, the trial judge doubted whether the doctrine as to principals in the second degree applied, because the two principals should usually be charged jointly, and it appeared difficult to allege that a man and a woman jointly personated one man. It appeared, however, that she was present when the money was drawn, called him by the false name, and thus assisted him in procuring the pension money; and on question reserved the court held that a person present, aiding and abetting another, was within the act.

While the common-law offense of conspiracy has not been incorporated in the Penal Code, our books recognize that one may conspire with another to commit a crime. In such instances the crime is that prohibited by the statute, and the conspiracy is referred to as an incident, and one of the means by which the act is accomplished. *Nobles* v. *State*, 98 *Ga.* 79; Penal Code, § 44. It is not alleged that Bishop was present at the time of the commission of the offense; nor was it necessary to denominate him an accessory, it being charged as a fact that he aided and assisted Mathews, the president, in procuring, secreting, and fraudulently taking and carrying away the money of the bank. This was suf-

ficient, and the principal and accessory can be joined in the same count.     Bish. New. Cr. Proc. §§ 467, 468; Bish. Dir. & Forms (2d ed.), § 113; *Bulloch* v. *State*, 10 *Ga.* 48 (6); *Loyd* v. *State*, 45 *Ga.* 71; Penal Code, § 44.     The question as to joinder of offenses was not argued in the brief.     We find no error in overruling the demurrer to the indictment.

*Judgment affirmed.   All the Justices concur.*