### 2391.    SMITH *et al. v.* THE STATE.

The circumstances corroborative of the testimony of an accomplice were insufficient to authorize the conviction of the defendant of the offense of burglary.    While the law can not lay down a rule to measure the extent of corroboration necessary, still, where the only witness in a felony case is confessedly an accomplice, the corroborating circumstances

are not sufficient to dispense with another witness, unless they are such as to connect the defendant with the crime. It is not sufficient for a witness to corroborate as to the time, place, and circumstances of a transaction, if there is nothing except the statement of the accomplice to show any connection of the prisoners therewith.

Indictment for burglary; from Taliaferro superior court—Judge Meadow. November 30, 1909.

Argued March 8,—Decided June 14, 1910.

*Hawes Cloud, J. A. Beazley,* for plaintiff in error.

*Thomas J. Brown, solicitor-general,* contra.

RUSSELL, J. The defendants were convicted of burglary. One Ad O'Rear had been convicted of burglarizing a certain storehouse and of taking therefrom a certain pistol and some money. At a subsequent term of the court the present plaintiffs in error were indicted, and at their trial O'Rear testified that they entered the store while he watched. Naturally the case turned upon whether there was a sufficiency of corroborating circumstances to dispense with another witness. We are of the opinion that the circumstances relied upon by the State are insufficient, when taken by themselves, to lead to the inference that the defendants were implicated in its commission. That must be the true test, because primarily an accomplice must be corroborated by another witness, and the corroborating circumstances necessary to take the place of this second witness, being only in the nature of a substitute for other witnesses, must (as the testimony of such witnesses would be required to do) connect the accused with the commission of the crime. The Penal Code of 1895, §991, declares that "The testimony of a single witness is generally sufficient to establish a fact. Exceptions to this rule are made in specified cases, such as to convict of treason or perjury, and in any case of felony where the only witness is an accomplice; in these cases (except in treason) corroborating circumstances may dispense with another witness." It is plain that the testimony of a corroborating witness, if one can be had, must in some way connect the defendant with the crime; and the same requirement must be applied to corroborating circumstances, if such (instead of another witness to the direct fact of the felony) are relied upon. While *slight* evidence that the crime was committed by the defendants and identifying them with it may sufficiently corroborate the accomplice and authorize a verdict of guilty, and while the law can not fix an exact rule by which

to measure the amount of corroboration necessary, the nature of the corroborative evidence is well defined. The testimony must be such as, independently of the testimony of the accomplice, to lead to the inference that the defendant is guilty. It must in some way connect the defendant with the criminal act. As this court held in *Altman* v. *State, 5 Ga. App.* 833 (63 S. E. 928) : "The rule is well settled that the testimony of an accomplice in a felony case must be corroborated by some independent fact or circumstance which, taken by itself, leads to the inference not only that a crime has been committed, but that the defendant is implicated in its commission. Proof of the corpus delicti independently of the evidence of the accomplice is corroborative of the guilt of the accomplice, but does not at all corroborate his testimony as to the guilt of another." In the present case the accomplice was corroborated by the fact that the tracks of more than one man were seen near the window through which the store opened. But there were no marks of identity indicating that the tracks were made by either of these defendants, indeed no evidence by whom they were made. For this reason the tracks failed to connect the defendants with the crime. In the next place, while it is a suspicious circumstance that the defendants stayed out all night in the woods and did not go home the night the burglary was committed, this does not in any way connect them with the burglary and is not inconsistent with the innocence of the accused. The fact that these defendants stayed out all night and that a portion of the time Ad O'Rear was with them does not prove, or even necessarily lead to the inference, that the defendants were with him at the time of the burglary; because the evidence shows that the defendants left him at Genie's house before they went to the woods, and it is probable that time enough elapsed for him to have committed the burglary before he returned to them in the woods. Nor does the fact that certain cans were found in the path which the defendants took in going to the woods, which had probably been contained in the store burglarized, necessarily raise the inference that the defendants participated in the burglary, or even that they were guilty of the offense of receiving stolen goods, by reason of the fact that they knew they had been taken out of the store. The case at bar is quite similar to that of *Childers* v. *State, 52 Ga.* 106, in which it was held that in a case of felony, where the only witness implicating

the prisoners is himself avowedly guilty, the corroborating circumstances necessary to dispense with another witness must be such as go to connect the prisoner with the offense. We are of the opinion, therefore, that the corroborating circumstances in this case were insufficient in their nature to authorize the conviction of the defendants. The law does not fix the amount of corroboration necessary in such a case, but it does require that the nature of the corroborative evidence shall be such as to connect the accused with the criminal act, and such as necessarily to lead to that inference. .

*Judgment reversed.*