## 22814. WHITEHEAD v. THE STATE.

DECIDED DECEMBER 23, 1932.

George W. Westmoreland, for plaintiff in error.
Clifford Pratt, solicitor-general, contra.

HOOPER, J. Jim Whitehead was convicted of the offense of manufacturing spirituous liquors, and excepts to the overruling of his motion for a new trial. The principal witness for the State was Lissie Carter, who was jointly indicted in this case with the plaintiff in error. The testimony of this witness implicated the defendant in the operation of the still. Only two other witnesses testified. R. M. Culberson, sheriff, testified that he raided the still, and there arrested Lissie Carter and Ed Davis, and that as he approached the house which enclosed the still "there was two parties came out there just before I got to it, but I don't know who they were, they just walked off." Norman Brazaelle, bailiff, testified: "I was up here this night at Bill Davis's, raiding this still with the sheriff. I went in there between 9 and 10 o'clock, and I got up pretty close to the house, and I heard them drawing water, and I lay around there about half an hour listening at them, and I decided they were making liquor, and I sent the boys back after the sheriff. . . It was about 2 o'clock when the sheriff got there, and so I eased up there pretty close to the house a time or two, and there was four in there, and there would be two that would stay in the cellar, and two stayed on the outside, that would tote

wood and water to the still. They come as close to me as that door there one time, and one of them said, 'Jim, you get the wood and I'll get the water.' Now, what 'Jim' it was I couldn't say. They come out and set down in a chair out there and I could see them then. I knew Jim Whitehead then." On cross-examination the witness testified: "I don't know who that Jim was there that night."

There is nothing at all in the foregoing testimony to connect the defendant Jim Whitehead with the operation of the still, unless it be the mere fact that the witness Brazaelle heard one of the men at the still address another as "Jim." It is true the witness Brazaelle, after giving the above-quoted testimony, added the following: "The boy that entered a plea awhile ago, Lissie Carter, said him and Jim Whitehead run. . . He said Jim went over there together with him that night, and he said Jim was gone off after some wood then when the officers raided it." Not only was the testimony last quoted purely hearsay, without any probative value, but it represents statements not under oath made by the accomplice Lissie Carter, whose sworn testimony was in need of corroboration. Lissie Carter, on direct examination, had testified: "I don't know whether Jim had been there that night or not. I had not seen him that night any time. That still started that night; that was the first run I have ever made there. . . I never talked to Jim any about it. Nobody talked to Jim in my presence about it, I don't reckon. . . I came to Jim's house, and I didn't mention the still to him that night, not one word."

The evidence failed to satisfy the well-settled rule of law that "the testimony of an accomplice in a felony case must be corroborated by some independent fact or circumstance which, taken by itself, leads to the inference not only that the crime has been committed, but that the defendant is implicated in its commission." *Smith* v. *State, 7 Ga. App.* 781 (68 S. E. 335), and cit. It follows that the trial judge erred in overruling the general grounds of the defendant's motion for a new trial. The sole special ground, complaining of the admission of certain testimony, need not be here passed upon.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*