25093. CROW *v.* THE STATE.

*Hamilton McWhorter, Miles W. Lewis,* for plaintiff in error.

*C. S. Baldwin Jr., solicitor-general,* contra.

GUERRY, J.  T. M. Crow and Walter Hutchinson were jointly indicted for transporting intoxicating liquor in Greene County. L. L. Wyatt's testimony disclosed that he arrested Hutchinson driving the defendant's car, with 24 gallons of liquor therein, in Greene County.  Hutchinson testified that the car and the liquor were the defendant's and that the defendant was to get the money from it if he could get by with its disposal.  He had been hauling liquor for the defendant for some time.  On this particular occasion the defendant told him, a few days before, that he would send him some liquor.  He met a stranger in Athens, Georgia, who told him he would have the liquor, and he later met him below Crawford and got the defendant's car with the liquor.

1.  It seems to be a conclusion fully authorized by the evidence that Hutchinson was a general employee of the defendant for the purpose of transporting liquor and disposing of it and returning the proceeds of the sale to the defendant, and that on the occasion under investigation he was following his general duties, but violated the agreement between the defendant and himself by transporting it into Greene County with a view of disposing of the cargo there.  In other words, it appears that the defendant had instructed Hutchinson (who had agreed) never to transport and dispose of any of the liquor in Greene County.  Then, would the defendant be guilty of the act of Hutchinson under such circumstances?  It is true that there is no statutory crime of conspiracy in this State, as there was at common law.  *Bishop* v. *State,* 118 *Ga.* 799 (45 S. E. 614).  However, conspiring with another to commit an offense may be an element in the guilt of

one charged as an accessory, or in misdemeanors, even of a principal. *Lewis* v. *State,* 33 *Ga.* 137; *Hansford* v. *State,* 54 *Ga.* 55; *McCoy* v. *State,* 52 *Ga.* 287; *Kinnebrew* v. *State,* 80 *Ga.* 232 (5 S. E. 56). The defendant was not present at the commission of the crime charged against him; and it remains to be asked, did his will contribute to its commission by Hutchinson? "There can be no doubt of the general rule of law, . . that, if he combines and confederates with others to accomplish an illegal purpose, he is liable *criminaliter* for everything done by his confederates which follows incidentally in the execution of the common design, as one of its probable and natural consequences, even though it was not intended as a part of the original design or common plan." 1 R. C. L. 133, § 5. There can be no doubt that the defendant and Hutchinson confederated for the illegal purpose of selling intoxicating liquor. This is clearly borne out by the evidence. The transportation of the liquor was only a means to an end, although itself a crime in the eyes of the law. The defendant procured and counseled Hutchinson to dispose of the liquor which he was caught transporting. He instructed him that it would be delivered to him, and it was delivered in the defendant's car. Was the defendant guilty, when Hutchinson, employed in accomplishing the illegal purpose, completed it in a locality which was not contemplated, and even against the wishes of the defendant? We think so. What happened was a probable and natural incident to the criminal enterprise against which the defendant could not shield himself from responsibility by a mere agreement with his confederate to the contrary. The defendant can not conspire to the operation of an illegal enterprise, and by declarations to his confederate provide that incidents to the illegal purpose, which themselves amount to a crime, shall be perpetrated only in certain sections of the State. As such, his declarations were little more than self-serving. To hold otherwise, in a case of this character, would surely invite confusion in the administration of our criminal law. The jury were amply authorized to find the defendant guilty, under the evidence submitted to them.

2. Cumulative newly discovered evidence may justify a new trial, if it has the effect to render clear and positive that which before was equivocal and uncertain. The ultimate criterion by which the merit of such testimony should be measured is the prob-

ability of a different result on another trial. The court, in overruling the motion for new trial, said: "Taking into consideration the counter-showing made by the State in this case, and all the facts as set out in the brief of evidence, in my opinion it would not be proper for the court to grant a new trial." After a careful examination of the evidence, we can not say that the judge abused his discretion in overruling this ground of the motion.

3. The third headnote needs no discussion.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*