32291. BLAKELEY *v.* THE STATE.

DECIDED FEBRUARY 1, 1949.

*R. Terry*, for plaintiff in error.

*J. R. Thompson, Solicitor*, contra.

TOWNSEND, J. (After stating the foregoing facts.) The evidence against the defendant is wholly circumstantial. The circumstances offered by the State to show that the defendant led an idle, immoral and profligate life without property to support him, and that being able to work he did not work and had no visible and known means of a fair, honest, and reputable livelihood, was the testimony hereinbefore related to the effect that certain witnesses watched for the defendant for a period of eleven days during which they saw him between the hours of 11 a. m. and 4 p. m. on seven of those days, also the testimony of other witnesses that they had known him for a number of years, that they knew of no gainful employment in which he was engaged and that they knew of no property that he had to support him.

In *Snead* v. *State, 72 Ga. App.* 792 (35 S. E. 2d, 319), it is held as follows: "The defendant was convicted in the Criminal Court of Fulton County upon an accusation which alleged that, in Fulton County, Georgia, on October 30, 1944, he 'did wander and stroll about in idleness; was able to work and did not work; and had no property to support him, and further, that said accused was able to work, and did not work, and had no visible and known means of a fair, reputable and honest livelihood.' The evidence tending to connect the defendant with the offenses charged was wholly circumstantial, and was insufficient to exclude every other reasonable hypothesis save that of his guilt. His conviction, therefore, was contrary to law and the evidence, and the overruling of his certiorari was error."

A reference to the original record of file in the office of the clerk of this court discloses that the evidence in the *Snead* case, supra, was stronger from the viewpoint of the State than the evidence in this case.

Counsel for the State contends that the testimony of the defendant's father shows that the defendant had worked for him for about eight months prior to his arrest and that therefore this evidence, even if accepted by the jury, failed to cover the two-year period of limitations prior to the day of the accusation. Assuming, but not deciding, that the testimony of the father was so contradicted as to impeach him and entitle the

jury to disregard his testimony, it must be borne in mind that it is not incumbent upon the defendant to carry the burden of proof and show that he was engaged in gainful employment. The burden of proof is on the State to show the defendant's guilt to a moral and reasonable certainty and beyond a moral and reasonable doubt. See Code, §§ 38-105, 38-110. Where, as in the instant case, the State seeks to carry this burden upon the introduction of circumstantial evidence alone, to warrant a conviction, the proved facts must not only be consistent with the hypothesis of guilt but must exclude every other reasonable hypothesis. See Code, § 38-109. In the instant case the defendant could have been working regularly at hours other than those when he was seen by the witnesses for the State as none of the State's witnesses profess to know the defendant well enough to testify that he was not so employed. Also their testimony does not disclose that any of them were in position to know what property, if any, the defendant owned.

Caution should be exercised by the courts in the trial of vagrancy cases, lest the purpose for which this statute was enacted be inadvertently extended to law-abiding citizens going about under the presumed protection of the law in the exercise of their inherent liberties. This sacred right should be zealously guarded by the courts and its violation never countenanced under the guise of law enforcement. See *Underwood* v. *State,* 13 *Ga. App.* 206 (78 S. E. 1103).

The evidence is not sufficient to support the verdict and the trial court erred in overruling the motion for a new trial.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*