32193. STEBBINS *v.* THE STATE.

DECIDED FEBRUARY 3, 1949.

*Duke & Lowe,* for plaintiff in error.

*H. G. Vandiviere, Solicitor-General,* contra.

MacINTYRE, P. J. The defendant, Emmette J. Stebbins, an unmarried man, was charged in the indictment with bigamy in that he married Jessie Bentley, knowing that she was still the lawful wife of Bennie Lovett. There were no demurrers to the indictment. It appears from the record that the State proceeded under Code § 26-5604, which provides: "Any unmarried man or woman who shall knowingly marry the wife or husband of another shall be punished by imprisonment and labor in the penitentiary for not less than one year nor more than three

years." The defendant was found guilty and sentenced to from one to two years. To the overruling of his motion for a new trial, based solely on the general grounds, the defendant excepted.

The only evidence introduced as to the factum of the first marriage of Jessie Bentley to Bennie Lovett was that of Jessie Bentley. She testified that she informed the defendant prior to her marriage to him that she had married Bennie Lovett sometime during the year 1942; she did not remember the exact date, and that he was still living and that she had never divorced him. To prove her second marriage, which was her marriage to the defendant, the State introduced Miss Thelma Kemp, an employee in the Clerk's office of the Superior Court of Cobb County, who testified that she could identify the marriage license and the application made for it by the defendant and Jessie Bentley. The documents were introduced in evidence without objection. The license disclosed that the defendant and Jessie Bentley were married September 8, 1945, by J. C. Collum, minister. The application disclosed that in reply to the question whether she had been previously married, Jessie Bentley replied, "No." The defendant made a lengthy statement to the jury in which he denied that he had any knowledge of Jessie Bentley's prior marriage.

Code § 38-121 provides· "The testimony of a single witness is generally sufficient to establish a fact. Exceptions to this rule are made in specified cases; such as . . in any case of felony where the only witness is an accomplice." In *Kearce* v. *State,* 178 *Ga.* 220 (172 S. E. 643), it was held: "Whether a witness is an 'accomplice' within the meaning of the exception in the Penal Code, § 1017 [Code, § 38-121], relating to the number of witnesses necessary to establish a fact, the test in general is 'could the witness himself have been indicted for the offense either as principal or as accessory.' *Springer* v. *State,* 102 *Ga.* 447 (30 S. E. 971); *Stone* v. *State,* 118 *Ga.* 705 (45 S. E. 630, 98 Am. St. R. 145); *Montford* v. *State,* 144 *Ga.* 582 (87 S. E. 797)." In the case of *Chambers* v. *State,* 68 *Ga. App.* 338 (2) (23 S. E. 2d, 545), it is stated: "An accessory before the fact and principals in the first and second degree are all accomplices." As has been said by Wharton in his work on Criminal Law (11th ed.), §§ 2018 and 2019: "To bigamy, as all other offenses, applies the law of principal and accessory. . . Where the offense is a felony,

then one present, knowingly aiding and abetting, even as a party is a principal . . [and] if a person, who, knowing that fact, marries another who has another husband or wife then living, [he or she] is a principal in the bigamy." This principle is reiterated in the case of *Bishop* v. *State*, 118 *Ga.* 799 (45 S. E. 614), where it is stated: "Every statutory felony, when incorporated in the body of the criminal law, becomes subject to existing regulations as to accessories, indictment, evidence, and procedure." In *Boggus* v. *State*, 34 *Ga.* 275, the defendant, a single man, and not a party to the bigamous marriage involved, but a third party, was convicted and punished as a principal in the second degree, and the judgment was affirmed by the Supreme Court. In Burgess *v.* State, 88 Tex. Cr. 146 (225 S. W. 182) the court held: "If she [the second wife] knew that appellant was married before she entered into said bigamous relation with him [she] would come under the provisions of our law relative to accomplice testimony when she became a witness in the case."

In applying the foregoing rules to the instant case, we find that Jessie Bentley was the only person who testified to her first marriage. She testified that she knew that she had a lawful husband living from whom she had not obtained a divorce at the time of her marriage to the defendant. She was, therefore, under the ruling in the *Boggus* case, supra, a principal and accomplice within the meaning of Code § 38-121, requiring that her testimony must be corroborated. We find no fact, circumstance, or inference to be drawn from the evidence, which would corroborate her testimony as to the first marriage; and, in the absence of such corroboration, there is not sufficient evidence to establish the factum of the first marriage. This fact was a *sine qua non* of the *corpus delicti*. " 'The rule is well settled that the testimony of an accomplice in a felony case must be corroborated by some independent fact or circumstance, which taken by itself, leads to the inference not only that the crime has been committed, but that the defendant is implicated in its commission.' " *Whitehead* v. *State*, 46 *Ga. App.* 176 (167 S. E. 204), citing *Smith* v. *State*, 7 *Ga. App.* 781 (68 S. E. 335). Also see *Childers* v. *State*, 52 *Ga.* 106; *Blakeley* v. *State*, 78 *Ga. App.* 516 (50 S. E. 2d, 762). It is elementary that every essential ele-

ment of the crime must be established; and, without proof of the first marriage, the State failed to establish the crime; and, consequently, the verdict is contrary to the evidence and the law, and the court erred in overruling the motion for a new trial.

*Judgment reversed.* *Gardner and Townsend, JJ., concur.*