## BROADNAX *v.* THE STATE.

*Simmons, C. J.*—There was no evidence at the trial showing the age of the accused, or that on account of his tender years he was mentally incapable of committing a crime, and therefore he was presumptively capax doli; the evidence for the State was sufficient to warrant the conviction; and the ground of the motion for a new trial relating to newly discovered evidence is without legal merit.                    *Judgment affirmed.*

Submitted October 6,—Decided October 19, 1896.

Indictment for murder.    Before Judge Reese.    Hancock superior court.    February term, 1896.

Frank Roberts, a child of four and a half years, was killed by swallowing a strong solution of potash.    The evidence is to the effect that Sam Broadnax, the accused, administered the potash to the child.    His brother Ned Broadnax was present.    After conviction a motion for new trial was overruled.    The grounds of the motion were, that the verdict was contrary to law and evidence, and because of newly discovered evidence.    In support of the latter ground were produced three affidavits (1) Ned Broadnax: I was eight years old November, 1895.    I went with Sam to wash the clothes.    I had the potash.    Sam had father's dinner and a bundle of clothes.    Sam dropped a waist and sent me back to find it.    I set the potash on the wagon tongue and went back.    Sam did not give it to Frank, he got it himself off the wagon tongue.    (2) Defendant: I did not give the potash to Frank.    I did not have it.    I had the clothes under one arm and father's dinner in the

other hand.   I dropped a waist 'and sent Bud back for it.
I did not see what he did with the potash.   He told me he
put it in the wagon and Frank got it.   I would not have
allowed Frank hurt if I could help it.   I was eleven years
old at my last birthday, May, 1895.   Ned got scared and
put it on me and I knew of no one who could show I did
not do it.   (3) Defendant's counsel: They did not know
the facts stated in the affidavit of Ned Broadnax, at the
time of the trial, so far as the same relates to the placing of
the potash on the wagon tongue by Ned and the taking of
the same by Frank without the knowledge or consent of de-
fendant.   Defendant was so young and inexperienced and
was so positive he did not know how Frank got the poison
that deponents could not and did not get any information
from him on the subject.   Information on the subject of
the placing the potash on the wagon tongue has come to
them since the trial.

Lewis & Moore, for plaintiff in error.

J. M. Terrell, attorney-general, F. H. Colley, solicitor-
general, W. M. Howard and T. L. Reese, contra.