## BOWENS *v.* THE STATE.

1. It is not essential to the validity of an indictment for murder that it should allege upon what portion of the body of the deceased the mortal wound was inflicted; nor, when the indictment charges that the homicide was committed by beating the deceased with a piece of iron, is it necessary to specifically set forth the size or weight of the same.

2. It follows that the location and character of a wound by which a death was caused, and the nature of the weapon by which such wound was inflicted, may be proved on the trial of an indictment for murder, lacking in allegations of the kind above indicated.

3. It is not competent for a witness who had acted as the amanuensis of an illiterate person in writing letters to the latter's wife to testify that they were affectionate in character, and thereupon state his belief, derived from a knowledge of the contents of such letters, that the husband was passionately fond of the wife.

4. A trial judge, in passing upon grounds of a motion for a new trial with a view to correcting and then verifying the same, may, without impropriety, act upon a written statement of facts prepared by the solicitor-general, if satisfied that the same is true and that it fully and fairly sets forth what occurred at the trial with reference to the matter in question.

5. A new trial will not be granted in a criminal case because of alleged error "in not cautioning and instructing the jury, and thereby counterbalancing the evil effect of" improper remarks made by the solicitor-general in his argument before the jury, it not appearing that any request to charge on this subject was presented or any ruling of the court invoked with reference thereto, and the remarks themselves having little or no bearing upon the merits of the case, but really amounting to no more than a refutation by the solicitor-general of an attack upon his official integrity, made by counsel for the accused.

6. That the court, in a trial for murder, allowed a witness for the State to testify: "I met [the accused] about a week before he killed his wife. He said he had been in jail thirty days and had got out again," and then ruled out this testimony, did not have the effect of putting the general character of the accused in issue.

7. The evidence fully warranted the verdict.

Submitted February 20, — Decided March 16, 1899.

Indictment for murder. Before Judge Falligant. Chatham superior court. December 30, 1898.

*Frederick T. Saussy, Richard M. Lester* and *Gordon Saussy,* for plaintiff in error. *J. M. Terrell, attorney-general,* and *W. W. Osborne, solicitor-general,* contra.

LUMPKIN, P. J. 1. The indictment in this case charged that the accused, Toby Bowens, murdered his wife, Rosa Bowens, by beating her with "a certain piece of iron." It did not allege upon what part of her person the mortal wound was inflicted, nor did it state the size or weight of the instrument used. There was a demurrer to the indictment, presenting several objections thereto. None of these, however, need be noticed, except those complaining that the indictment was defective in failing to state the location of the wound and to minutely describe the piece of iron with which it was inflicted. The court overruled the demurrer, and, in our opinion, rightly did so. The indictment certainly complied with the requirements of section 929 of the Penal Code. We are at a loss to perceive how the defendant was deprived of any substantial right in making his defense merely because the indictment was

silent as to the location of the wound on the person of the deceased and failed to allege the precise dimensions or weight of the weapon by which the death was caused.

2. During the progress of the trial, objection was made to the testimony of a medical witness as to the location and character of the wound, and also to the testimony of another witness as to the description of the piece of iron. The grounds of objection were, that the indictment did not "describe the location of the wound inflicted by the defendant upon deceased," and that "the piece of iron, called a fish-plate, was not sufficiently described in the indictment." The ruling above announced with reference to the demurrer covers the point now under consideration, and it follows, of course, that the court properly admitted the testimony of these witnesses.

3. The accused introduced as a witness H. S. Moore and offered to prove by him the following: "I employed Toby Bowens to work for me at Tybee. He could not write, and I used to write his letters to his wife at his dictation. I remember their general contents. They were affectionate, and I believe he was passionately fond of her. I frequently enclosed money in those letters at his request." The court rejected this testimony on the ground that it was not the best evidence of the contents of the letters. Obviously, the purpose of counsel for the accused was to show by the witness that, in his opinion derived from a knowledge of the contents of these letters, the accused was passionately fond of his wife. It requires no argument to show that the fact sought to be established could not be proved in this way. It would be very dangerous indeed to allow a witness to characterize a series of letters as being of a particular nature, and then proceed upon this to testify to his belief that they showed this, that, or the other state of feeling on the part of the author or person at whose dictation the letters were written. This would be allowing him to give his bare opinion, based on the contents of written instruments not disclosed, and of which, therefore, the jury could not intelligently judge.

4. One of the grounds of the motion for a new trial in this case complains that the court gave no instructions to the jury

concerning alleged improper remarks made by the solicitor-general in his argument before them. The judge declined to approve this ground without qualification, but certified that the truth of the matter therein referred to was embodied in a written statement prepared by the solicitor-general, which statement appears in the record. Counsel for the plaintiff in error made the point that the judge had no authority to base his action in the premises upon this statement. In our opinion, counsel's contention is trivial and without a shadow of merit. It is the duty of a trial judge to pass upon the correctness of the recitals of fact contained in a motion for a new trial, and, in so doing, we see not the slightest impropriety in his adopting a statement prepared by the solicitor-general, if the same is true and fully and fairly sets forth what really occurred at the trial with reference to the matter in question.

5. Dealing with the ground of the motion last referred to, as it comes to us, we are satisfied that it presents no sufficient cause for ordering a new trial. Counsel for the accused, in his argument before the jury, insisted that a man was in the room of Rosa Bowens at the time she was killed by her husband, and asserted that the failure of the solicitor-general to produce this man as a witness manifested a disposition on the part of the State to conceal testimony. The State's officer, in his argument, replied to this imputation by disclaiming any knowledge of the existence of such a witness, and added that if he had known there was such a witness, it would not only have been his duty but his pleasure to have the witness at the trial. Thus it will be seen that counsel for the accused attacked the official conduct of the solicitor-general, and in effect charged him with concealing testimony. It was but natural for the latter to resent an assault upon him of this kind. In so doing, however, he undertook to state facts not proved by any witness, a thing which is never permissible. Still, we do not feel called upon to reverse the judgment. The only assignment of error relating to this occurrence is, that the court failed to caution the jury not to be influenced by the improper statements made by the solicitor-general. It does not appear that any request to charge on this subject was presented to the judge, or

any ruling of any kind invoked with reference to this matter. This court has frequently held that where counsel make unauthorized and improper statements in their arguments before juries, opposing counsel should call attention to the same and either move for a mistrial or request the court to instruct the jury to disregard such statements. As instances in point, see *Young* v. *State,* 65 *Ga.* 528 ; *Ozburn* v. *State,* 87 *Ga.* 192 ; *Edwards* v. *State,* 90 *Ga.* 143 ; *Croom* v. *State,* Ibid. 430 ; *Metropolitan Street R. R. Co.* v. *Johnson,* Ibid. 591 ; *Farmer* v. *State,* 91 *Ga.* 728 ; *Von Pollnitz* v. *State,* 92 *Ga.* 16 ; *Augusta Railway Co.* v. *Glover,* Ibid. 133 ; *Robinson* v. *Stevens,* 93 *Ga.* 539 ; *Morris & Co.* v. *Maddox,* 97 *Ga.* 581 ; *Gress Lumber Co.* v. *Coody,* 99 *Ga.* 779 ; *Kearney* v. *State,* 101 *Ga.* 804–5 ; *Smalls* v. *State,* 102 *Ga.* 35. In this case nothing of the sort was done; but, after taking the chance of an acquittal, counsel for the accused now complain that the court neglected to give, on its own motion, suitable instructions calculated to undo whatever of wrong may have been occasioned to the accused by the objectionable remarks of the State's officer. In this connection, we may add that these remarks had little or no bearing upon the real merits of the case. It seems to have been a matter of dispute whether or not a man was in the room of Rosa Bowens when she was killed. The evidence indicates more strongly than otherwise that no such person was then and there present. Counsel for the accused, upon the assumption that there was, reflected seriously upon the official integrity of the solicitor-general, who earnestly denied the imputation thus made. So, at last, what occurred amounted to but little more than a personal altercation between opposing counsel, and left the jury practically free to draw their own inferences from the facts actually proved in the case.

6. Another ground of the motion complains that the court in effect permitted the State to put in issue the general character of the accused. It is urged that this was done by allowing a witness to testify that he met the accused about a week before he "killed his wife," and that "he said he had been in jail thirty days and had got out again." As it appears that this testimony was ruled out, we are at a loss to perceive how

what occurred with reference thereto put the general character of the accused in issue.

7. The evidence against the accused, if credible, made out a case of wanton and cruel murder. From this evidence it appears that without a shadow of provocation he brutally beat his wife to death with a heavy piece of iron. The jury believed this evidence and returned a verdict of guilty. We feel constrained to allow it to stand, for the record discloses no reason which would even remotely justify this court in ordering a new trial. *Judgment affirmed. All the Justices concurring.*