CHARLIE BEAVER v. THE STATE.

No. 1339. Decided November 15, 1911.

Rehearing denied January 10, 1912.

1.—Murder—Continuance—Want of Diligence.

Where defendant's third application for continuance did not show proper diligence, and the absent testimony was not of a serious character, there was no error in overruling same.

2.—Same—Indictment—Description of Instrument Used.

Where, upon trial of murder, the indictment alleged that the instrument used by the defendant was a piece of pipe, the same was sufficient, and sufficiently described the instrument with which the alleged homicide was committed.

3.—Same—Jury Wheel—Constitutional Law.

The Act of the Legislature known as the jury wheel law is constitutional.

4.—Same—Charge of Court—More than One Assailant.

Where the court charged that if the defendant defended himself against the act or acts and words of the deceased, or those acting with him, etc., a complaint that the charge required the combined acts and conduct of all the parties was untenable.

5.—Same—Argument of Counsel.

While the arguments of State's counsel, under the ruling of the court excluding them, was not reversible error, yet prosecuting officers are admonished to keep within the record, and not seek to obtain judgments by unfair argument.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Wiley & Baskett,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of murder in the second degree, his punishment being assessed at five years confinement in the penitentiary.

1. When the case was called for trial, appellant moved for a continuance on account of the absence of A. F. Slater, Viola Thompson and Mrs. Woodard. Slater and Viola Thompson appeared and testified. Mrs. Woodard, it is alleged, was absent from the State, temporarily in the State of Arkansas. This is the third application for continuance. By Mrs. Woodard, appellant expected to prove that she heard just before the tragedy, parties on a bridge quarreling and cursing among themselves, and while the difficulty was in progress, or about its termination, two men ran away from the bridge. The theory of appellant was that these two men were there in addition to those with whom he was engaged in the difficulty, the two Lees and the deceased, Wash. The facts expected to be proved by Mrs. Woodard were proved by Viola Thompson, except the fact that two men ran away from the bridge during the difficulty. This being the third application, the rule as to diligence is much more strict than it is in regard to the first application for a continuance. The diligence is about this way: The indictment was returned on November 13, 1909; the court convened, at which this trial was had on January 2, 1911; the cause was tried on February 11, 1911; process for Mrs. Woodard issued on February 4, 1911. The statement of these facts would show a want of diligence. When Mrs. Woodard left Dallas for Arkansas is not stated, and no reason given why process was not issued before the 4th of February, 1911. Had process issued in due time, the attendance of the witness might easily have been obtained. In any event, we are of opinion the testimony is not of very great importance in the case. The theory of appellant was that when he drove upon the bridge, the deceased, Wash, and parties were engaged in quarreling and cursing among themselves, and immediately began an attack upon him, as he believed, for the purpose of taking his life or committing the crime of robbery. The theory of the State was that Wash, the deceased, was very drunk, as was one of the Lees, and that in a drunken, staggering condition, the deceased, Wash, fell or walked against the horses appellant was driving, and he immediately jumped out of the wagon and began an attack on him with a piece of iron pipe with which he mashed his skull, which resulted in his death. Appellant himself testified, and as we understand his testimony, he does not mention the two men who were engaged in the difficulty and ran away, but be that as it may, the diligence is insufficient, and the testimony is not of serious character.

2. Motion was made to set aside the indictment, because the de-

scription of the instrument or means by which deceased was killed is insufficient. The indictment charges that the instrument used by appellant was a piece of pipe. Appellant cites, among others, the case of Drye v. State, 14 Texas Crim. App., 185. We are of opinion that this case does not support his contention. The indictment in the Drye case charged that the accused did, with malice aforethought, kill and murder C. H. Lund, setting out no weapon or means by which the homicide was brought about, just simply the broad allegation that he did kill and murder Lund. The court held that indictment fatally defective, and correctly so. The court said: "An indictment for murder 'must set forth the means by which the life was extinguished; hence, if it was by a weapon, it must say what the weapon was, or allege it to be unknown to the grand jury. If it describes the killing as done in a way requiring no weapon—for example, by the use of the hands—none other need be mentioned. The particulars of the weapon—as that it was of such a length and breadth—need not be given; to say, for example, that it was 'a certain wooden stick,' will suffice. And if stones were used, their number need not be stated. A 'loaded pistol' will do. (2 Bish. Crim. Proc., 3 ed., sec. 514; The State v. Williams, 36 Texas, 352; Dwyer v. The State, 12 Texas Crim. App., 535; Peterson v. The State, 12 Texas Crim. App., 650)." To the same effect is the case of State v. Smith, 61 N. C. (Phil. L.) 340; Rex v. O'Brien, 2 C. & K., 115; State v. Owen, 5 N. C. (1 Murphy), 452; 4 Amer. Dec., 571; Wharton on Homicide, sec. 565; Bowens v. State, 106 Ga., 760, 32 S. E. 666.

The Bowens' case, supra, holds that an indictment charging the homicide to have been committed by beating deceased with a piece of iron, need not specifically set forth the size or weight thereof. We are of opinion that the indictment sufficiently describes the instrument, and there was no error in overruling the demurrers.

3. There was also an attack made upon the jury because it was drawn under what is known as the jury wheel law, contending and alleging that that law was unconstitutional and void. The writer has expressed himself very freely and fully heretofore in dissenting opinions to the effect that such law was unconstitutional and void. The majority of this court, however, in those cases, settled it against appellant's contention.

4. There are some criticisms of the charge in that the court required the jury to believe defendant acted against the combined acts and conduct of all the parties before they could acquit under the law of self-defense as well as to mitigate it under the law of manslaughter. The criticisms of those charges are not well taken. The court instructed the jury that if the defendant defended against the act or acts and words of the deceased, or the acts and words of those acting with him, etc., and that his life was put in danger, or he was in danger of serious bodily injury, they would acquit; or if, under the same circumstances, he defended against an attempted robbery, he

would not be guilty. The same charge was given with reference to manslaughter, qualified to the extent that if appellant did not believe that his life was in danger, but that his mind was agitated beyond cool reflection and his life not in danger, they would give him the benefit of that phase of the law and acquit him of murder and convict of manslaughter. We are of opinion the charge is sufficient.

5. There is complaint made of the remarks of the county attorney based upon a ruling of the court. When the State offered to prove certain remarks made by appellant to the officers at the time of his arrest, upon objection, these statements were excluded. The county attorney commented upon the fact that appellant did interpose objection and the court sustained defendant and would not let him prove the remarks made by appellant, and that appellant desired to exclude rather than to let the light in before the jury. Some of the decisions of this court go to the extent of holding it is subject of comment by the prosecution that the accused interposed objections to testimony. But we desire here to say that prosecuting officers should keep within the record, and not seek to obtain judgments by unfair arguments. This character of complaint comes before this court in many cases. We may feel called upon to put an end to such arguments and statements by the officers in no uncertain way.

Finding no error in the record, the judgment is ordered to be affirmed.

*Affirmed.*

[Rehearing denied January 10, 1912.—Reporter.]