## 7118. WHITE v. THE STATE.

1. The corpus delicti of the offense of manufacturing intoxicating liquor was sufficiently established by the circumstances in proof; and the circumstances were sufficient to connect the accused with the unlawful manufacture and authorize the verdict of guilty.

2. An instruction by the court to the effect that the accused would be guilty if he took any part in the manufacture of intoxicating liquors as charged in the accusation is not subject to the objection that "it states the law of accomplices too broadly and does not define such participation in the common criminal design by the accused as in law would warrant his conviction."

3. The instruction by the court that when the accused "pleads an alibi the burden is upon him to prove that alibi" is not subject to the objection that the court did not, in immediate connection with this instruction, charge the jury that an alibi need not be proved beyond a reasonable doubt, and that .it is sufficient if it be proved to the reasonable satisfaction of the jury, and that evidence of alibi is to be considered with the rest of the evidence, and if the evidence as a whole raises a reasonable doubt of guilt, the doubt must be resolved in favor of the accused.

DECIDED MAY 31, 1916.

Conviction of manufacturing intoxicating liquor; from city court of Polk county—Judge John K. Davis.  November 22, 1915.

*W. K. Fielder, C. D. McGregor,* for plaintiff in error.

*J. A. Wright, solicitor, E. S. Ault,* contra.

RUSSELL, C. J.  1. The circumstances in proof sufficiently established the corpus delicti.  The utensils, with the accompanying paraphernalia, as well as the evidence of mash and beer and smoke, the unmistakable odor of whisky which had been spilled, and the extreme seclusion of the spot, which by its signs presented many indicia of having been selected as a sylvan sanctuary of Bacchus, preclude the inference that so many circumstances of obvious import could have occurred fortuitously.  Nor is it reasonable to suppose that the presence of "the still" was due to chance or accident, in transportation, since it was found away from any road, and there is no evidence that such utensils are as yet transported by aeroplanes.  When proof of the corpus delicti is dependent wholly upon circumstantial evidence, such evidence, of course, will be insufficient if it suggests a theory which is as consistent with the presumption that no crime was in fact committed as with the inference that some act was done which was a violation of the law; but a hypothesis of guilt which is based upon ocular demonstration by certain signs, all of which point in the same direction, can not

be supplanted by a hypothesis of innocence which would not be suggested to ordinary intelligence and which owes its existence entirely to a flight of fancy. The term "hypothesis," as used in the Penal Code in the rule as to what is necessary to warrant a conviction on circumstantial evidence (§ 1010), refers to such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life. Applying this definition, the corpus delicti was in this case fully established. In this connection see *Justice* v. *State*, 7 *Ga. App.* 43 (65 S. E. 1070).

2. In the light of the rule that in misdemeanors all who aid or abet are principals, one who, at a place where a still is being unlawfully operated, contributes to the success of the unlawful undertaking by participating in any act necessary or usual in the manufacture of whisky, such as stirring the meal, keeping up the fire, or carrying water to be used in mixing the meal, is so connected with the manufacture prohibited by law as to authorize his conviction upon an indictment charging him with manufacturing liquor. Therefore there is no merit in the defendant's exception to the following charge to the jury: "If it appears from the evidence, beyond a reasonable doubt, that the defendant was in any way engaged in any part of the manufacture of intoxicating liquors, and the proof establishes that he has been thus engaged, beyond a reasonable doubt, then it would be your duty to convict; otherwise it would be your duty to acquit. You look to all the facts and circumstances and determine what the truth is. See whether or not the case is made out as charged. See whether or not it is established, beyond a reasonable doubt, that this defendant took any part in the manufacture of intoxicating liquors, as set out in the accusation. If he did, you should find him guilty." This is not subject to the exception that "it states the law of accomplices too broadly and does not define such participation in the common criminal design by the accused as in law would warrant his conviction."

3. The charge upon the subject of alibi is not subject to the exceptions urged against it.

4. There was no error in overruling the motion for a new trial.

*Judgment affirmed.*