## 13178.   COULTER v. THE STATE.

1. Refusal of a continuance was not an abuse of discretion.
2. The venue was sufficiently proved.
3. A conviction of the manufacture of intoxicating liquor was authorized.

DECIDED FEBRUARY 16, 1922.

Indictment for manufacture of liquor; from Walker superior court — Judge Wright.   December 3, 1921.

It was testified that the defendant and others said that the still in question was in Walker county; but in his statement at the trial he said he thought it was about 50 yards over the line in Alabama.

*Henry & Jackson,* for plaintiff in error.

*E. S. Taylor, solicitor-general, J. F. Kelly,* contra.

BLOODWORTH, J.   1.   Under the facts shown on the motion to continue this case we can not say that the trial judge abused his discretion in refusing to continue the case.

2.   The proof as to venue was sufficient.

3.   The evidence authorized the verdict.   The evidence clearly showed that liquor had been distilled at the place where the officers found the defendant with a ten-gallon keg on his shoulder, and in addition thereto a witness swore that " all indications were that the still had been operated the night before or the day before that. Everything was ready and the beer was ready to make.   It was fermented and was intoxicating.   Beer at that stage is an intoxicating liquor."

(a)   " Under the prohibition law (Ga. L. Ex. Sess. 1917, p. 18) declaring it a felony to ' distill, manufacture, or make any liquors or beverages, any part of which is alcoholic,' the act of making an intoxicating beer, through the fermentation of syrup, corn-meal, and water mixed for that purpose, is of itself an offense as complete and distinct as the further act of distilling from such beer a quantity of alcohol, whisky, or rum.   *Williams* v. *State,* 24 *Ga. App.* 53 (2) (99 S. E. 711)." *Belcher* v. *State,* 25 *Ga. App.* 493 (1) (103 S. E. 852).

(b)   " There was some slight evidence authorizing the verdict; and the verdict having been approved by the trial judge, under the repeated and uniform rulings of this court and of the Supreme Court a reviewing court is powerless to interfere.   When the verdict is apparently decidedly against the weight of evidence, the

trial judge has a wide discretion as to granting or refusing a new trial; and whenever there is any evidence, however slight, to support a verdict which has been approved by the trial judge, this court is absolutely without authority to control the judgment of the trial court." *Bradham* v. *State,* 21 *Ga. App.* 510 (94 S. E. 618), and citations.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*