29371. MURPHY *et al. v.* THE STATE.

DECIDED JULY 16, 1942.

*R. C. Johnson, W. H. Connor,* for plaintiff in error.

*F. E. Strickland, solicitor-general,* contra.

BROYLES, C. J. Johnny Murphy and his wife, Lela Murphy, were jointly indicted for the offense of rape, in that on May 4, 1941, they did "unlawfully and by force . . have carnal knowledge of and sexual intercourse with Rosa Mae Norton, an unmarried female under fourteen years of age, forcibly and against her will, and the said Lela Murphy was then and there illegally and feloniously present, aiding and abetting the said Johnny Murphy, the absolute perpetrator of the aforesaid act, in having carnal knowledge of and sexual intercourse with the aforesaid Rosa Mae Norton, forcibly and against her will." Upon the trial both defendants were found guilty of an assault with intent to rape. Their motion for new trial was overruled and that judgment is assigned as error.

We have carefully read the voluminous and filthy evidence in this case, and in our opinion the verdict was amply authorized if not demanded by the evidence. The contention of the accused that there was a variance between the allegations of the indictment and the proof as to the age of Rosa Mae Norton is without merit. The indictment alleged that she was "under fourteen years of age." Her parents testified that she was thirteen years old, while her birth cer-

tificate showed that she was a few months over fourteen at the time of the alleged crime. The jury were authorized under the evidence to find either that she was under fourteen or over fourteen. Moreover, the indictment charged thát the defendants forcibly and against her will raped her, thereby charging the general law of rape, and not the special law thereof as applied to females under fourteen years of age. Therefore the allegation that she was under fourteen years of age was surplusage and did not have to be proved. The court in its charge instructed the jury that before they could convict the defendants the evidence must show that they forcibly and against the will of the female committed the offense. In other words, it appears from the record that the State abandoned its allegation that she was under fourteen, and the trial proceeded under the general law of rape committed on an adult female by force and against her will.

Special ground 1 of the motion for new trial complains of the admission of the testimony of a witness that about the time of the alleged crime Lela Murphy told her that Johnny Murphy was in the bed with Rosa Mae Norton. This evidence was admissible. The evidence for the State amply authorized the jury to find that the two defendants had entered into a conspiracy to "deflower" the girl, and that the conspiracy was still in existence at the time the statement was made by Lela Murphy. And it is well settled that after the fact of a conspiracy is proved the declarations of any one of the conspirators made during the pendency of the criminal project are admissible against all of the conspirators. Special grounds 2 and 3 complain of certain excerpts from the charge of the court. These excerpts, when considered in the light of the entire charge and the facts of the case, show no cause for a reversal of the judgment. The remaining special ground complains of the court's failure to charge "the law of rape on a female child under the age of fourteen years." We do not think that the failure to so charge was error. The positive evidence for the State was that the attempt to have intercourse with the girl was made *forcibly and against her will,* and the defendants denied making *any* attempt to enable Johnny Murphy to have sexual intercourse with her. Therefore, the age of the victim was not an issue in the case and was immaterial. Moreover, there was no request for such a charge. The refusal to grant a new trial was not error for any reason assigned.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*