34476. CLARDY *v.* THE STATE.

Decided February 13, 1953.

*James R. Venable, Charles Nolen, John L. Respess Jr.,* for plaintiff in error.

*James T. Manning, Solicitor-General,* contra.

CARLISLE, J. ■ Headnote 1 requires no elaboration, and for the reason there stated special ground 10 (numbered 13) is not considered.

■ In an indictment for sodomy, under the provisions of Code § 26-5901, it is not necessary, as a part of the description of the offense, to state the age of the accused; and, where in such a case the indictment does in fact state that the defendant is a "man of more than 21 years," such allegation is surplusage and need not be proved. See, in this connection, *Murphy* v. *State,* 67 *Ga. App.* 626 (21 S. E. 2d, 454). Nor was proof of the defendant's age necessary to show his capacity for committing a crime. *Broadnax* v. *State,* 100 *Ga.* 62 (25 S. E. 844). Special ground 9 is without merit.

■ In instructing the jury the court charged the following on the credibility of the witnesses: "You are made by law the exclusive judges as to the credibility of the witnesses. In passing upon their credibility you may take into consideration all of the evidence, facts and circumstances of the case, the witnesses' manner of testifying, their intelligence, their interest or want of interest in the case, their means and opportunity for knowing the facts about which they testify, the probability or improbability of their testimony, and also their personal credibility so far as that appears during the trial"; and, as this is a full and fair charge upon the subject of the credibility of witnesses, the court's failure to charge the jury more fully and to specifically relate such charge to the facts of the case is no ground for the grant of a new trial where no timely written request so to charge was made. *Richardson* v. *State,* 141 *Ga.* 782 (82 S. E. 134); *Turner* v. *State,* 139 *Ga.* 593 (77 S. E. 828), and citations. Special ground 8 is not meritorious.

■ The charge of the court on "reasonable doubt," complained of in special ground 6, states the correct definition of reasonable doubt; and if the defendant had wished a more elaborate charge on the subject, he should have submitted a timely written request to charge according to the language set out in special ground 7. *Allen* v. *State,* 194 *Ga.* 430, 434 (22 S. E. 2d, 65). These two grounds are not meritorious.

■ The court's charge complained of in special ground 1 on the subject of the presumption of the defendant's innocence was full and eminently fair; and had the defendant wished the more elaborate charges on the subject contained in special grounds 2, 3, 4, and 5, a timely written request so to charge should have been made. *Solomon* v. *State*, 44 *Ga. App.* 755 (162 S. E. 863). These grounds are not meritorious.

■ The defendant's alleged victim gave in detail evidence from which the jury was authorized to find that the defendant was guilty of both sodomy and a violation of Code (Ann. Supp.) § 26-1301A. The court passed upon her competency to testify, and the jury determined her credibility; and however beneficent it might be to require that the testimony of children of tender years be corroborated, we know of no statute or decision in the State which makes such a requirement in criminal prosecutions for offenses of the nature here charged. The evidence authorized the verdict.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*