## 35207. TRAMMELL *v.* THE STATE.

DECIDED JULY 8, 1954.

*James E. Weldon,* for plaintiff in error.
*Wright Lipford, Solicitor-General,* contra.

GARDNER, P. J. ■ Regarding the general grounds, the evidence reveals that the defendant at the time of the collision was operating the automobile which he was driving between eighty and eighty-five miles per hour, that he was operating it on his left-hand side of the road, and that Bannister received injuries from which he died. The evidence is amply sufficient to sustain the verdict on the general grounds.

■ Special ground 1 assigns error because the court admitted in evidence, over objections, an automobile tire, being the left front tire of the automobile the defendant was operating at the time of the collision. It is contended that the tire was not properly identified as the one which blew out on the left front wheel of the car the defendant was operating at the time of the collision, and that the evidence which identified the tire was hearsay evidence, inadmissible and prejudicial to the defendant. The State proved with reference to the identification of the tire in question substantially that witness Louis Bell was employed by the Georgia State Patrol as sergeant of the local patrol station, and had been so employed for about ten years; that he made an investigation of the collision in question where the automobile of the defendant struck the automobile of Thomason; that the witness removed a wheel and a tire from the defendant's automobile; "This is the tire" (referring to the tire introduced as an exhibit); that the witness turned the tire over to Mr. Pritchett of the State crime laboratory; that the witness testified, "This is the wheel and tire turned over to the State crime laboratory." The tire referred to was identified as the one in question; the contention is that the State should also have introduced Pritchett to identify the tire. The tire was properly identified. We find no merit in this contention.

Special ground 2 contends that the court erred in failing to grant a mistrial, on motion of the defendant, on account of certain improper prejudicial and irrelevant testimony given by a State witness to the effect that the defendant was driving a 1950 Plymouth sedan traveling south from LaGrange to West Point, Georgia, and that "We traced the ownership of the Plymouth car to a Chevrolet Company in Atlanta from where it had been stolen." The court stated in this connection: "Well, I sustain the objection to ownership; and the part about who was

driving, I will leave that in." And the court further stated: "Just a minute, gentlemen of the jury, I have ruled out certain testimony with reference to ownership entitled to the Plymouth automobile, and I instruct you that you will not give any consideration to that testimony with reference to the title or ownership in the car, which was ruled out. . . That the defendant was driving the car, I did not rule that out, but I will rule out any testimony with reference to title or ownership or where it came from. You will give no consideration to that at all."

It is contended that the failure to grant a mistrial was erroneous, because of the character of the defendant not having been offered in evidence at the time the testimony was given; that the ownership of the automobile had nothing to do with the charge of involuntary manslaughter; but that the stealing of an automobile was a separate and distinct offense, and such testimony was prejudicial; and that the defendant did not and could not erase the illegal and prejudicial testimony. There is nothing in this record which can be construed to mean that the witness had stolen an automobile. The judge made this plain, that the ownership of the automobile was to be eliminated from their consideration. The Supreme Court in *Bowens* v. *State*, 106 *Ga.* 760 (32 S. E. 666), said with reference to a similar statement in that case by a witness: That statement was, "I met [the accused] about a week before he killed his wife. He said he had been in jail thirty days and had got out again." The court said: "The record discloses that no reason would remotely justify a new trial in this case." In this connection see also *Tiller* v. *State*, 196 *Ga.* 508 (26 S. E. 2d 883). This special ground is without merit.

Special ground 3 complains that the court committed reversible error because it failed to charge the law relating to the speed limit in Georgia. Taking the charge as a whole, it instructed the jury that, before they could find the defendant guilty, they must believe beyond a reasonable doubt that the defendant was traveling in excess of fifty-five miles per hour, and that he was traveling on the left-hand side of the road in the direction in which he was going, as alleged in the indictment. There was no request to charge more fully than the court did charge. This ground is without merit.

Special ground 4 is akin to special ground 3, in that it is con-

tended that the court committed reversible error in failing to charge the law with reference to traffic regulations required to constitute an unlawful act while operating a motor vehicle upon the highways of this State. We will not here go into the details of the court's charge. We might say that the court fully charged the jury that the burden was on the State to prove beyond a reasonable doubt that the defendant was operating the automobile at the time of the collision in excess of fifty-five miles per hour and on the wrong side of the road, as alleged in the indictment. As we have stated in the immediately preceding division, there was no request so to charge. This special ground is without merit.

The court did not err in denying the motion for new trial for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*