## 35966. JORDAN v. THE STATE.

TOWNSEND, J. 1. Instructions to a jury afford no cause for a new trial where no injury to the defendant results therefrom. *Kimball* v. *State*, 63 *Ga. App.* 183 (6) (10 S. E. 2d 240). It affirmatively appears from the amended motion for a new trial filed after conviction of the offense of manufacturing whisky that the jury, after deliberating, announced orally that they had found the defendant guilty and recommended that he be punished as for a misdemeanor, that the trial court gave an additional charge as to the form of the verdict in the event of conviction and then added, "Or if you want to, return a verdict of not guilty." Under the circumstances, it is obvious that the court was informed that the jury had determined upon a verdict of guilty, for which reason his statement was, if anything, beneficial to the complainant. This charge affords no cause for reversal.

2. The evidence upon the trial of the case reveals that the arresting officers located a still in Crawford County which was connected up, with a fire under it; that there were 6 60-gallon fermenter barrels, 3 of which contained spent mash that had been run and 3 of which had not been run; that when the witness got within 75 yards of the still, just before sundown, he observed 2 men, one of whom he recognized as the defendant, working at the still, cleaning up the buckets and putting out the fire; that the whisky which had been made from the spent mash had been removed; that as they waited on the path this defendant walked up the path to within 15 or 20 steps of the witness; that he then realized the presence of the officers and fled, and that no arrests were made at that time; that the defendants were indicted at the next term of court but no arrests were made for almost 2 years because one of the persons identified at the still, not the defendant, could not be located during that time. The circumstances were sufficient to authorize a finding that the still was in operation and being used for the manufacture of whisky. *Coulter* v. *State*, 28 *Ga. App.* 243 (111 S. E. 214). It was also sufficient to authorize a finding that the defendant was present and assisting in the manufacture of whisky, as against the contention that he had not been properly identified. Accordingly, the general grounds of the motion for a new trial are without merit.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 11, 1956.

210

*W. B. Mitchell,* for plaintiff in error.

*William M. West, Solicitor-General, Charles F. Adams, Assistant Solicitor-General,* contra.