### 37992. LAKEN *v.* GENERAL SEAT & BACK MANUFACTURING CORPORATION.

DECIDED NOVEMBER 24, 1959—REHEARING DENIED DECEMBER 16, 1959.

*Smith, Field, Doremus & Ringel, Sam F. Lowe, Jr.,* for plaintiff in error.

*Sidney Haskins,* contra.

GARDNER, Presiding Judge. ■ We have not set out the evidence in detail because it appears that the defendant has abandoned the general grounds and only contends that the court failed to fully instruct the jury as to his contentions, as contained in his answer. This is largely covered in the contentions under special ground 1. The basis of the contention of the defendant's answer in this respect is that the business was not a going business, and that the jury should have been more fully instructed concerning this phase of the defense. The law as to this contention has been stated by the appellate courts in a number of decisions. If a judge charges the law which is applicable to the issues, an omission to state and explain all the contentions of the parties at bar is not cause for reversal by an appellate court. See *Central of Georgia Ry. Co.* v. *McKinney,* 118 *Ga.* 535 (45 S. E. 430), where the Supreme Court stated: "It certainly cannot be held that in every case the mere failure of the judge to state the contentions of the parties in his own language is such an error as requires the granting of a new trial. If a case should arise where the omission plainly operated to the prejudice of the losing party, a new trial might be required, but the present record presents no such case." Here, as in the case immediately hereinabove cited, we cannot see that the judge's charge as a whole operated to the prejudice of the losing party so as to require a new trial. Counsel for the defendant did not make a timely written request for a fuller charge regarding this assignment of error. A charge of the court must be construed as a whole. See *Grady County* v. *Banker,* 81 *Ga. App.* 701 (2) (59 S. E. 2d 732). And where a charge is substantially correct, more specific or detailed instruction must be requested in writing, at the time of the trial. See *Clardy* v. *State,* 87 *Ga. App.* 633, 638 (75 S. E. 2d 208); *Family Fund Life Ins. Co.* v. *Rogers,* 90 *Ga. App.* 278 (3) (82 S. E. 2d 870); *Trammell* v. *State,*

90 *Ga. App.* 357, 359 (82 S. E. 2d 888). The contention of the parties as stated in the pleadings, and frequently referred to by counsel, precludes reversal even if the court had omitted to charge the contentions of the defendant on each and every point. See *Jones* v. *McElroy*, 134 *Ga.* 857 (3) (68 S. E. 729, 137 Am. St. Rep. 276). However, we might add that the record concerning the defendant's contentions in special ground 1 shows that the evidence fully covers the allegations of the plaintiff. In such a situation any error or omission to charge is immaterial. See *Higgins* v. *Trentham*, 186 *Ga.* 264 (197 S. E. 862). Special ground 1 is not meritorious.

■ Special ground 2 assigns error because it is alleged that the court committed error in instructing the jury that only the articles named in the listed exhibit passed title under the sale of the business for which the defendant gave the promissory note to cover the purchase price. This special ground also goes to the question of whether or not the business which was sold was a going business which was contended also in special ground 1. The defendant contends that, by failing to charge fully as to the contentions regarding the status of the business, the defendant's defense was eliminated from the consideration of the jury. It is contended by the plaintiff that the defendant is making an attempt to vary the terms of the written contract by parol evidence. We have studied this contract in detail and cannot see that anything was involved except the carefully itemized and detailed inventory. Other than the listing of the items of personal property which passed title by the contract of sale, the contract is a contract written in the usual form without any specific specifications. There is nothing in the contract to indicate that the good will or the advantages of a going business or any other assets were included therein. The court correctly construed the contract as a sale of specific items of personal property as itemized in the contract. We can see no reason to recognize any attempt to vary the terms of the written contract. It follows that when we construe the charge regarding the terms of the contract and particularly the charge as a whole, it is apparent that the trial judge clearly and fairly presented the law applicable to the issues involved. Special ground 2 is not meritorious.

The court did not err in any of the rulings.

*Judgment affirmed.   Townsend and Carlisle, JJ., concur.*