38234.  HANSON *v.* THE STATE.

</div>

Gardner, Presiding Judge. The defendant was convicted on an indictment charging the making of distilled spirits, alcohol, whisky, mixed liquors and beverages in a dry county. His motion for a judgment notwithstanding the verdict was denied, and he assigns error on this judgment.

In *Wilson* v. *State*, 215 *Ga.* 775 (113 S. E. 2d 607), the Supreme Court said: "There is no provision of law for the court in the trial of a criminal case to entertain a motion for a judgment of not guilty notwithstanding a verdict of guilty."

It follows that the verdict of the jury finding the defendant guilty must stand, inasmuch as the motion for a judgment notwithstanding the verdict could not properly be before the court in the trial of a criminal case and is not before this court.

*Judgment affirmed. Townsend, Carlisle and Frankum, JJ., concur.*

Decided April 14, 1960—Rehearing denied May 12, 1960.

*Walton Hardin,* for plaintiff in error.

*J. Cecil Davis, Solicitor-General,* contra.

On Motion for Rehearing.

We write this brief supplement to our opinion to indicate to counsel that we know that he is not insisting on the motion for a judgment notwithstanding the verdict. He stated in oral argument that he was not insisting on his motion for judgment notwithstanding the verdict in view of *Wilson* v. *State*, 215 *Ga.* 775.

The evidence shows that the peace officers located a spot in a pasture bearing evidence of several fires, and consistent in appearance with their conclusion that it was used for manufacturing whisky except that they found no still. There were, however, a furnace and one barrel which had been overturned with fermented mash poured out and some of it remaining in the barrel. The defendant stated to the sheriff that he had made two or three runs at that place, by which he meant that he had made liquor there two or three different times in the past. It is contended that the confession, to which no objection was offered, was not corroborated by proof of the corpus delicti. Since the still itself appears from the testimony to be portable equipment, the site, together with the evidence of fire, the furnace, and the overturned barrel of fermented mash, is sufficient to establish that liquor was made in that spot by somebody, and accordingly the corpus delicti was sufficiently proved. See *White* v. *State*, 18 *Ga. App.* 214 (89 S. E. 175), and *Coulter* v. *State*, 28 *Ga. App.*

243 (111 S. E. 214), both of which cases affirmed convictions on circumstantial evidence and hold nothing contrary to what is said here.