### 38873. BURGE v. THE STATE.

Townsend, Presiding Judge. 1. Sodomy is defined in *Code* § 26-5901. *Code* § 26-5902 provides: "The punishment of sodomy shall be as follows: (a) Where committed on a person under the age of 16 years, a sentence to the penitentiary for not less than 10 years nor more than 30 years; (b) Where committed on a person 16 years or more, by sentence to the penitentiary for not less than one year nor more than 10 years; (c) Where previous conviction or plea of guilty of the offense of sodomy is alleged in the indictment and proven on the trial, by sentence to the penitentiary for not less than 10 nor more than 30 years." The age of the victim or accomplice, accordingly, is pertinent in fixing the punishment but not in determining the crime. The defendant demurred specially to the indictment on the ground that the age of Johnson, on whom the offense was alleged to be committed, was not stated. In *Haden v. State*, 176 Ga. 304 (168 S. E. 272) it was held that a demurrer to an indictment charging rape need not allege the age of the victim even as against a demurrer seeking to know whether she was over or under the age of 14. Atkinson, J., dissented on the ground that such allegation was material in that it affected the proof, since un-

der *Echols v. State,* 153 Ga. 857 (113 S. E. 170) proof that the victim was under age and unable to consent would support an indictment charging that the act was forcible and against the victim's will, her age not being alleged. In *Murphy v. State,* 67 Ga. App. 626 (21 S. E. 2d 454) it was held that an allegation that the victim was under the age of 14 was surplusage where the evidence showed that in any event there was no consent. In rape as in sodomy the punishment may be different if the victim or partner is under age, and in rape the elements of proof are actually different. It might be that in a close case this information would become material to the defense, and a defendant is entitled to an indictment perfect in form and substance. In any event, however, the cited cases have each time considered the indictment in the light of the evidence adduced. Since it is obvious here not only that the alleged accomplice was a mature man but that his identity was at all times known to the defendant, who therefore already possessed the information he seeks, and since the age of the accomplice is no element of the crime, it was not error to overrule the demurrer to the indictment in this case.

2. Where proof of the corpus delicti of the offense charged is wholly dependent on circumstantial evidence, the evidence is insufficient for the purpose if it suggests a theory as consistent with the presumption that no crime was committed as with the inference that a violation of the law did in fact occur. *White v. State,* 18 Ga. App. 214 (89 S. E. 175). And where the corpus delicti of the offense is established only by the uncorroborated testimony of an accomplice, such testimony is insufficient for the purpose, since the testimony of the accomplice must be corroborated by evidence leading independently to the inferences both that a crime was in fact committed and that the defendant was implicated therein. *Middleton v. State,* 72 Ga. App. 817 (35 S. E. 2d 317); *Stebbins v. State,* 78 Ga. App. 534 (51 S. E. 2d 592). "While the law can not lay down a rule to measure the extent of corroboration necessary, still, where the only witness in a felony case is confessedly an accomplice, the corroborating circumstances are not sufficient to dispense with another witness, unless they are such as to connect the defendant with the crime. It is not sufficient for a witness to corroborate as

to the time, place and circumstances of a transaction, if there is nothing except the statement of the accomplice to show any connection of the prisoners therewith." *Smith v. State*, 7 Ga. App. 781 (68 S! E. 335). In the present case, if the offense of sodomy was committed as testified by the alleged accomplice, then it was the defendant and no other who participated in it. The difficulty is that the only attempted corroboration of the accomplice that the crime was in fact committed is in the testimony of other persons that the witness, a servant of the defendant, was on certain occasions instructed to go up to the defendant's bedroom after bathing; that he did so; that the door would be closed, and that other servants had been instructed not to enter the bedroom when the door was closed. These facts do not, apart from the testimony of the main witness, raise any inference that a crime was in fact committed. Neither did the occasional presence of used handkerchiefs in the room have this effect, in view of the explanation of the defendant's respiratory trouble. Since the corroboration of the alleged accomplice's testimony is entirely circumstantial, and is of itself as consistent with innocence as with guilt not only on the question of the accused's participation but on the primary issue of whether the crime was in fact committed, it is insufficient to sustain the verdict.

3. It is contended under the authority of *Perryman v. State*, 63 Ga. App. 819 (12 S. E. 2d 388) that the witness was not in fact an accomplice of the defendant because, as to him, the act was not voluntarily done but was the result of legal duress amounting to fear of life or limb. In the *Perryman* case the witness was a young boy under the dominion of the defendant in a house of correction; the act was the result of direct threats of punishment, and shortly afterward the witness reported the transaction to another officer. In the present case, it appears from his testimony that the witness was a parolee, and first allowed the defendant to commit the act when the defendant "said if I didn't do what he said he would break my back," which the witness understood to mean that his parole would be revoked. However, he also testified that the threat related to the witness telling anybody about the act; that he did like it; that it continued for a period of several months, and that he did not object. He said nothing

to anybody until over two years later. Under these circumstances it cannot be said that the witness was shown to have acted under such compulsion that he could not himself be convicted for participation in the crime. See also *Whitus v. State*, 216 Ga. 284 (116 S. E. 2d 205); *Burns v. State*, 89 Ga. 527 (7) (15 S. E. 748).

4. The testimony of Rivers, Robinson, Kyle and Bargeron tended to show that the defendant was amittedly homesexual, and a part of the testimony of Rivers tended to show that the defendant considered Johnson, the alleged participant in the offense for which he was on trial, to be the same. Some of it referred to criminal acts of the defendant at other times and places and with other persons. None of it tended in any manner to establish the corpus delicti of the crime for which he was on trial, and it therefore amounted to no corroboration of the testimony of the alleged accomplice as to this essential element of proof. *Perryman v. State*, 63 Ga. App. 819, supra.

5. Since the conviction must be reversed on the general grounds of the motion for a new trial, it is unnecessary to consider any of the special grounds.

The trial court erred in overruling the motion for a new trial.

*Judgment reversed. Frankum and Jordan, JJ., concur.*

DECIDED MAY 12, 1961.

*W. O. Cooper, Jr., Edward F. Taylor, H. T. O'Neil, Jr.,* for plaintiff in error.

*William M. West, Solicitor-General, Jack J. Gautier, Assistant Solicitor-General,* contra.