### 38838. STEFFNER v. COHEN.

FRANKUM, Judge. Jack Cohen filed suit against George U. Steffner, Jr., doing business as Southern Marine Co., praying for a judgment against the defendant in the amount of $1,200. The evidence on behalf of the plaintiff shows facts substantially as follows: That the plaintiff bought a new boat from the defendant; that $1,200 credit was to be given to the plaintiff for the value of the plaintiff's old boat which was used as a "trade-in." On the date the new boat was delivered to the plaintiff, the plaintiff was in Winder, Ga. and he, by telephone, directed his wife to write a check payable to the defendant. She, by mistake, wrote and delivered a check in the amount of the purchase price of the new boat without deduction of the credit allowed for the "trade-in" of the plaintiff's old boat. Upon discovery of the mistake, the plaintiff made demand on the defendant for the return of the $1,200, which the defendant refused. The evidence on behalf of the defendant shows facts substantially as follows: That the plaintiff's old boat was not used as a "trade-in," but that the old boat was delivered to the defendant for the purpose of sale; that the defendant was to act as the plaintiff's selling agent, and that the proceeds of such sale were to be applied to the purchase price of the new boat; that the old boat has never been sold, and that the defendant owed the plaintiff nothing. The jury returned a verdict for the plaintiff, and a judgment was duly entered thereon. The defendant filed a motion for a new trial on the usual general grounds, and later, by amendment, added several special grounds. The defendant also filed a motion in arrest of the judgment on the grounds that the pleadings and evidence were insufficient to support the verdict. The trial court overruled both motions, and the defendant assigns these rulings as error in this appeal. *Held:*

1. A jury question was presented as to whether the plaintiff delivered his old boat to the defendant as a partial payment on the purchase price of a new boat purchased from the defendant, or whether the plaintiff merely left his old boat with the defendant for the purpose of sale. Evidence was introduced to support both contentions. The jury accepted the plaintiff's version of the case and rendered a verdict in favor of the plaintiff in the amount sued for. The evidence supports the verdict, and the general grounds of the motion for a new trial are without merit. The motion in arrest of the judgment is based on essentially the same grounds as above, and, accordingly, the court did not err in overruling such motion.

2. "Where the judge states fully and accurately the law applicable to the issues involved, the mere failure to call the attention of the jury in specific terms to the contentions of the parties as shown by the pleadings, and to explain these contentions to them, will not, unless it is plain that the omission resulted in injury to the losing party, require the granting of a new trial." *Central of Ga. Ry. Co. v. McKinney,* 118 Ga. 535 (45 SE 430). See also *Bray v. C. I. T. Corp.,* 51 Ga. App. 196 (179 SE 925); *Laken v. General Seat &c. Mfg. Corp.,* 100 Ga. App. 839 (112 SE2d 301); *City of Griffin v. Southeastern Textile Co.,* 74 Ga. App. 420 (53 SE2d 921). Special ground 1 of the amended motion for a new trial is without merit.

3. Counsel for the defendant concedes in his brief that the portion of the trial court's charge complained of in special ground 3 of the amended motion for a new trial concerning the preponderance of the evidence was "absolutely correct and precise in and of itself"; yet he contends the charge was error without an additional charge. We feel that the trial court's charge, as a whole, was correct and applicable to the facts of the case. If counsel desired a more explicit charge, he should have submitted a written request for same. See *Morgan v. Chunn,* 7 Ga. App. 263 (66 SE 965).

4. Defendant complains that the trial judge committed error in charging the jury on the respective issues of fact by using the words "if you [the jury] should believe," instead of "if the jury should find from the evidence," on the ground that such charge is an expression of an opinion by the trial judge. This

contention has been decided adversely to the defendant in *Reynolds v. State,* 101 Ga. App. 715 (4) (115 SE2d 214).

5. The defendant filed a cross-action against the plaintiff. At the conclusion of all the evidence, on motion of counsel for the plaintiff, the court withdrew from the jury's consideration any and all questions presented by the cross-action. There is no exception to this ruling. It was not error for the trial court to instruct the jury not to consider the defendant's cross-action as a part of the pleadings, since the cross-action had been removed from the case. Special ground 5 of the amended motion for a new trial, which assigns as error the trial judge's instructions to the jury to the above effect as being erroneous, is without merit.

6. No reversible error is shown by the other special grounds of the amended motion for a new trial.

*Judgment affirmed. Townsend, P. J., and Jordan, J., concur.*

DECIDED SEPTEMBER 28, 1961—REHEARING DENIED
OCTOBER 13, 1961.

*Thomas E. Moran,* for plaintiff in error.
*Jos. J. Fine, D. W. Rolader,* contra.