## 68552. HAYGOOD v. THE STATE.
(322 SE2d 513)

BIRDSONG, Judge.

Appellant Haygood was indicted with Monty Little for the theft of a 1972 Chevrolet Nova vehicle occurring on July 8, 1983. No victim or owner of the vehicle testified at trial. However, a Henry County tax commissioner's employee testified that a certain described car was owned by one Bradford. The evidence that appellant stole the vehicle came from the co-indictee Monty Little (who had earlier plead guilty) and from Susan Smith. She testified that she was driving around with appellant and Monty Little when the two men began to talk about "going and getting [a] car." She stopped her car at a dirt road and Monty Little got out of the car, walked up the street a little and came back, "[a]nd he said something about they were going up there to get

a car . . . he asked [appellant] something about going up there — they were going to go up there and get . . . a car . . . a Nova." She testified she knew the car belonged to "somebody that Monty worked with or something" and that "Monty was asking [appellant] about the car. . . . David was telling him no at first. And they finally figured out they was [sic] going to do it. And they asked me if I would take them down there. . . ." She was asked when she first found out that Monty wanted to "steal the car," and said, "After we rode around for a while." When asked what time of day the car was "stolen," she replied "at night." Monty Little and appellant stayed gone about fifteen minutes, and then she saw appellant driving a Nova out of the driveway.

The prosecutor at trial was the investigating officer. He testified that he was called on the telephone by Monty Little, who reported the theft after the victim Bradford influenced him to do so. (Monty Little testified that it was Bradford who called the police.) The officer went immediately to Bradford's house, and was there confronted with the information that appellant stole the car with Monty Little. Monty Little testified that the car belonged to Bradford, who was his friend, and that he knew the car did not require a key to start because the ignition had been broken. As far as the evidence shows, the car was never recovered or located or accounted for; Monty Little testified vaguely that he and appellant took the car to "a man" and sold it, then he and appellant delivered the car to another man, and then removed several of its parts.

Appellant testified that on July 8, the date of the offense alleged in the indictment, he had spent the night with his aunt. It had developed at trial by prosecution testimony that July 8 was actually the date Monty Little called the police to report what he and appellant had done, and that the theft of the vehicle had actually occurred about the first of July. *Held*:

1. Appellant contends the only direct evidence in this case, not hearsay of the police officer (*Cawthon Motor Co. v. Scheufler*, 153 Ga. App. 282, 286 (265 SE2d 96); *Bryant v. State*, 191 Ga. 686, 687 (3) (13 SE2d 820)), that a vehicle was stolen came from the admitted accomplice Monty Little. The State contends that Susan Smith's testimony is sufficient to at least circumstantially corroborate Monty Little's testimony.

"Before there can be a lawful conviction of a crime, the corpus delicti, that is, that the crime charged has been committed by some one, must be proved beyond a reasonable doubt." *Wrisper v. State*, 193 Ga. 157, 161 (17 SE2d 714). "[W]here the corpus delicti . . . is established only by the uncorroborated testimony of an accomplice, such testimony . . . of the accomplice must be corroborated by evidence leading independently to the inferences both that a crime was

in fact committed and that the defendant was implicated therein." *Burge v. State*, 103 Ga. App. 682 (2) (120 SE2d 200). Such corroboration evidence may be direct or circumstantial (*Gunter v. State*, 243 Ga. 651 (256 SE2d 341); *Smith v. State*, 238 Ga. 640 (235 SE2d 17)), but if it is entirely circumstantial and is as consistent with the accused's innocence as his guilt, it is insufficient to sustain a verdict of guilty by corroborating the accomplice's testimony. *Reed v. State*, 127 Ga. App. 458 (194 SE2d 121); *Burge v. State*, supra, p. 684. It is not sufficient that the accomplice is corroborated as to time, place and circumstances of the transaction if there is nothing to show any connection of the defendant therewith except the statement of the accomplice. *Childers v. State*, 52 Ga. 106, 107.

Susan Smith's testimony is not as consistent with appellant's innocence as his guilt and is sufficient to sustain the verdict by corroboration. *Reed*, supra; *Burge*, supra. She does not merely corroborate the time, place and circumstances of the transaction, but discloses that she knew a theft was being committed, and she saw the appellant later driving the car, all of which leads independently to the corpus delicti and connects appellant with the crime; and that evidence is inconsistent with his innocence (*Burge*, supra; *Reed*, supra).

It is well established that slight evidence corroborating an accomplice's testimony is all we need to look for on appeal (*Mulligan v. State*, 245 Ga. 266 (264 SE2d 204)) and the extent of corroboration is a jury question, *Cole v. State*, 156 Ga. App. 288 (274 SE2d 685). This evidence is of such character as to rise to the standard of legal proof, i.e., beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis.

2. Appellant further alleges a fatal variance in the allegata and probata. The indictment alleged the theft was committed July 8, 1983. The police officer testified the theft was reported by Monty Little on July 8, 1983. Susan Smith testified she drove Monty Little and the appellant to get the car on July 8, 1983. There was some confusion at trial as to how Monty Little could have reported the theft at the time he was supposed to be stealing the car and disposing of it. Monty Little testified, however, that he and appellant stole the car around the first of July and that he reported the theft a week later (i.e., July 8). Appellant's defense was alibi, that he spent the night with his aunt on July 8 (the date the crime was alleged in the indictment) and did not commit the crime.

Appellant did not make a motion for continuance on the basis that he was surprised and his defense prejudiced by the variance, on grounds that the actual date of the offense inferentially proved at trial was not the date for which he attempted to establish an alibi. If he had made such a motion, it should have been granted (*Caldwell v. State*, 139 Ga. App. 279 (228 SE2d 219)), but the State correctly con-

tends that because he did not, he cannot now complain. *Caldwell, supra.*

*Judgment affirmed. Quillian, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED SEPTEMBER 11, 1984 —
REHEARING DENIED SEPTEMBER 27, 1984.

*Michael R. Hauptman*, for appellant.

*E. Byron Smith, District Attorney, Hugh D. Sosebee, Assistant District Attorney*, for appellee.