72913. SMITH v. THE STATE.
(349 SE2d 279)

BIRDSONG, Presiding Judge.

The defendant, Jerome Smith, appeals his conviction of the offenses of burglary, rape and aggravated sodomy. The victim and her

four-year-old daughter lived alone in her apartment. The jury was authorized to find from the evidence presented that on the night of August 13, 1985, the defendant entered the victim's apartment through a window by removing an outside screen, and then raped and sodomized her. Before leaving, he took from her purse two small packets, one plastic packet containing ten MARTA tokens, and the other containing pennies. Her next door neighbor saw that the screen had been removed from her window and the window was open, and receiving no answer to his knock at the front door, he called the police. The police also did not receive any response to their knock and entered through the window. The defendant was found coming down the stairs, followed by the victim, who informed the officers that she had been raped. A pair of men's undershorts was found by the rear door, inside the apartment. The defendant did not have on any undershorts.

Defendant denies that he had sex with the victim. He said that she asked him for some cocaine and they divided it up. She snorted hers and his syringe was stopped up. He left to get another syringe but when he returned, he had to break in the window. He only wanted his drugs. No drugs were found in the apartment. He brings this appeal. *Held*:

1. The defendant argues that the trial court erred by failing to give curative or limiting instructions to the jury concerning testimony by the victim of the psychological effect of the offense between the time of the offense and trial. The victim was asked: "Q. Were you able to go back to that apartment to live anymore? A. No. I went back there to move my things out the day after it happened, and that was it. Q. . . . Why didn't you go back there to stay? A. I was afraid, and I am still afraid to be by myself. . . . I haven't been by myself ever since. . . . I needed to go back to family so I could get the foundation again within myself. Q. And are you staying with family, now? A. Yes, my sister."

There was no objection during this testimony. Defendant's counsel proceeded through cross-examination of the victim, an out-of-court evidentiary hearing, and a recess at the conclusion of the victim's testimony before raising an objection to the testimony of the victim as to the psychological effect this incident had upon her. The court found that "the psychological condition of the victim is evidence of the fact that it did happen, and is evidence of the fact that there was no consent," and refused to instruct the jury to disregard, as requested by counsel.

Our Supreme Court has held that a mistrial will not lie where there was no objection at the time the statement was read into evidence. *Flynn v. State*, 255 Ga. 415, 418 (339 SE2d 259). There must be a contemporaneous objection with the offer or it is waived. *Merritt*

*v. State*, 255 Ga. 459, 460 (339 SE2d 594). "By failing to object contemporaneously with the testimony, and by proceeding to cross-examine the witness, trial counsel waived the error." *Cape v. State*, 246 Ga. 520, 524 (272 SE2d 487).

2. The refusal of the trial court to give a requested charge that "in all cases there exists the presumption that no crime has been committed," is enumerated as error. Defendant cites as authority for this request *Burge v. State*, 103 Ga. App. 682, 683 (120 SE2d 200). In that case, this court was addressing the issue of "[w]here proof of the corpus delicti of the offense charged is wholly dependent on circumstantial evidence, the evidence is insufficient for the purpose if it suggests a theory as consistent with the presumption that no crime was committed as with the inference that a violation of the law did in fact occur." Id. at 683. In the instant case, proof of a corpus delicti is *not* "wholly dependent on circumstantial evidence." The victim's testimony, if believed by the jury, was sufficient direct evidence to establish a corpus for all offenses alleged. The requested charge was not adapted to the evidence and the trial court did not err in refusing such charge. *Garmon v. State*, 219 Ga. 575 (6) (134 SE2d 796).

The trial court charged the jury the general charge that the indictment was not evidence and the defendant entered upon the trial of this case with the presumption of innocence in his favor, and that such presumption remained with him until the State, which had the burden of proof, satisfied their minds beyond a reasonable doubt of the defendant's guilt of the offenses charged. This enumeration is without merit.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 25, 1986.

*J. Russell Mayer*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Alfred Dixon, Richard E. Hicks, Assistant District Attorneys*, for appellee.